**Manuela Huff
SATTERFIELD, Appellant,**

v.

**John W. HUFF, Appellee.**

**No. 3–88–122–CV.**

Court of Appeals of Texas,
Austin.

March 15, 1989.

Rehearing Denied April 12, 1989.

Leonard J. Gittinger, Jr., Gittinger & Gittinger, San Antonio, for appellant.

James Behan, Grand Prairie, Gary W. Elkins, New Braunfels, for appellee.

Before SHANNON, C.J., and CARROLL and JONES, JJ.

ON MOTION FOR REHEARING

CARROLL, Justice.

The opinion of the Court in this cause handed down on January 25, 1989, is withdrawn and the following opinion is substituted therefor.

In 1986, Manuela Huff Satterfield filed a motion to modify in a suit affecting a parent-child relationship. When her former husband failed to respond to certain requested admissions, she filed a motion for

summary judgment which was granted in part. We will affirm.

## BACKGROUND

In her motion to modify, Manuela sought increased child support, reimbursement for unusual dental expenses, and attorney's fees. She also asked the trial court to make the requested increase retroactive to the date the motion was filed and to order income withholding.

During pre-trial discovery, John failed to respond to a request for admissions. Manuela then moved for summary judgment, arguing that the matters covered by the unanswered requests were deemed admitted under Tex.R.Civ.P.Ann. 169 (Supp. 1989). Her motion for summary judgment was also supported by an affidavit as to attorney's fees from her lawyer.

The deemed admissions at issue in this appeal are quoted in full:

2. That the support payments required to be made under the Order of January 6, 1984, should be increased to $300.00 a month per child.

3. That the Court should order such increase to be retroactive effective beginning on May 21, 1986.

10. That to protect and preserve the children's rights, it was necessary to obtain the services of Leonard J. Gittinger, Jr., P.C., to represent the children and Movant.

11. That Movant's reasonable attorney's fees incurred for services rendered in connection with this proceeding should be taxed as costs or ordered to be paid by Respondent directly to Leonard J. Gittinger, Jr., P.C., pursuant to Section 11.18(a) of the Texas Family Code.

The trial court ultimately granted the motion for summary judgment in part. The judgment increased child support to $750 per month ($250 per child per month) retroactive to October 1, 1987, awarded $1,500 reimbursement for dental expenses, and entered a withholding order, but denied her request for attorney's fees.

## CONTENTIONS ON APPEAL

Manuela attacks the trial court's failure to grant her motion for summary judgment in its entirety. She claims the trial court erred: in denying her request for attorney's fees; in failing to award the full amount of increased child support requested; and in failing to order the increase retroactive to the date she filed her motion. (Interestingly, she does not complain that the trial court abused its discretion, but instead contends that it erred in disregarding the deemed admissions.) According to Manuela, the deemed admissions conclusively established her right to the relief sought. John responds that the unanswered requested admissions dealt with matters completely within the trial court's discretion, so that his failure to answer was not binding on the court. We agree.

## DISCUSSION AND HOLDINGS

We recognize that deemed admissions may be used in support of a summary judgment in ordinary civil cases, and that a trial court may not ignore deemed admissions resulting from unanswered appropriate requests. *Vise v. Marshall*, 751 S.W. 2d 216, 217 (Tex.App.1988, writ granted), *Elkins v. Jones*, 613 S.W.2d 533 (Tex.Civ. App.1981, no writ). However, after reviewing the requests at issue here, we find all to be either "inappropriate" or to address matters within the trial court's discretion.

As amended in 1984, appropriate requests under rule 169 include the "truth of any matters within the scope of rule 166b ... that relate to statement or opinions of fact or of the application of law to fact...." Rule 166b(2) provides in part that it is not ground for objection that a request for admission relates to statements or opinions of fact or of the application of law to fact or mixed questions of law and fact. *See Laycox v. Jaroma, Inc.* 709 S.W. 2d 2, 4 (Tex.App.1986, writ ref'd n.r.e.). A request is not appropriate, however, if the matter concerns facts of which a party "has no personal knowledge and has no reasonable means of obtaining such knowledge." *Gaynier v. Ginsberg*, 715 S.W.2d 749, 759 (Tex.App.1986, writ ref'd n.r.e.).

We believe request number 10 pertains to a matter about which John could not have any personal knowledge, and that requests 2, 3, and 11 concern matters within the trial court's discretion under Tex.Fam. Code Ann. §§ 11.18 and 14.08(c)(2) (1986 and Supp.1989). As matters within the court's discretion, these requests did not "relate to statements or opinions of fact or of the application of law to fact," but instead related to determinations which the Family Code vests within the trial court's discretion. Accordingly, even if the requests were appropriate, we believe the trial court was not bound by the deemed admissions.

Unlike the requested admissions in *Laycox v. Jaroma, Inc., supra,* the deemed admissions in this appeal deal with modification of child support, retroactivity, and award of attorney's fees—all of which are within the trial court's discretion. *Laviage v. Laviage,* 647 S.W.2d 758, 761 (Tex.App. 1983, no writ); *Mendoza v. Mendoza,* 621 S.W.2d 420, 422 (Tex.App.1981, no writ). While Rule 169 does provide that "[a]ny matter admitted under this rule is conclusively established," John's admissions concern matters which cannot be conclusively established, but rather, lie within the court's discretion. The trial court's judgment on such matters will not be reversed unless Manuela shows a clear abuse of discretion (which she did not claim as error). *see, e.g. White v. Adcock,* 666 S.W.2d 222, 225 (Tex.App.1984, no writ).

Even if John had taken the stand and testified and made these very same admissions, they would not have bound the trial court. Even if a jury had answered issues providing for child support and attorney's fees, the answers would not have bound the court, but would have been merely advisory. Tex.Fam.Code Ann. § 11.13(b) (Supp.1989); *Havis v. Havis,* 657 S.W.2d 921 (Tex.App.1983, writ dism'd); *Killpack v. Killpack,* 616 S.W.2d 434 (Tex.Civ.App. 1981, writ ref'd n.r.e.).

## CONCLUSION

Manuela cannot use deemed admissions to usurp the trial court's discretionary pow-er. Her one point of error is overruled and the trial court's order granting summary judgment is affirmed.