# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING EN BANC

### NO. 03-05-00171-CV

**Aaron Rents, Inc., Appellant**

**v.**

**Travis Central Appraisal District, Travis County Appraisal Review Board,
and Travis County Tax Assessor Collector, Nelda Wells Spears,
in Her Official Capacity, Appellees**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
NO. GN401079, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING**

## D I S S E N T I N G   O P I N I O N

Today, a majority of this Court eviscerates the longstanding distinction between that which the legislature has deemed mandatory and that which the legislature has left to the trial court's discretion. Although the majority correctly concludes that an award of attorney's fees is not required under the Uniform Declaratory Judgments Act,[1] the majority misinterprets the phrase "may be awarded" in section 42.29 of the tax code to require a mandatory award of attorney's fees to a prevailing party. *See* Tex. Tax Code Ann. § 42.29 (West 2001). Because neither the plain language

---

[1] *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (West 1997) ("In any proceeding under [the UDJA], the court may award costs and reasonable and necessary attorney's fees as are equitable and just.")

of section 42.29, supreme court precedent, legislative history, or the use of similar language in other statutory provisions supports the majority's construction of section 42.29, I respectfully dissent.

## ANALYSIS

Aaron Rents argues that an award of attorney's fees is mandatory under section 42.29 of the tax code because the District's appraisal of its property was excessive. *See* Tex. Tax Code Ann. §§ 42.25, .29 (West 2001). Whether section 42.29 mandates an award of attorney's fees or leaves such an award to the trial court's discretion is a matter of statutory construction, which we review *de novo*. *See Bragg v. Edwards Aquifer Auth.*, 71 S.W.3d 729, 734 (Tex. 2002) (reviewing statutory construction question *de novo*). This Court's obligation in construing a statute is to determine and give effect to the legislature's intent. *Texas Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 176 (Tex. 2004). We derive legislative intent from the entire act, not just its isolated portions. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003). When construing a statute, we begin with the statute's plain language. *State v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002); *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865 (Tex. 1999). Because the Code Construction Act applies when construing the tax code, *see* Tex. Tax. Code Ann. § 1.03 (West 2001), we may also consider:

(1)     the object sought to be obtained;
(2)     circumstances under which the statute was enacted;
(3)     legislative history;
(4)     common law or former statutory provisions, including laws on the same or similar subjects;
(5)     consequences of a particular construction;
(6)     administrative construction of the statute; and
(7)     title (caption), preamble, and emergency provision.

2

Tex. Gov't Code Ann. § 311.023 (West 2005).

***The plain language of section 42.29 does not support the majority's interpretation***

Originally enacted by the legislature in 1983,[2] section 42.29 of the tax code provides that "[a] property owner who prevails in an appeal to the court under [s]ection 42.25 or 42.26 *may be awarded* reasonable attorney's fees." Tex. Tax Code Ann. § 42.29 (emphasis added). The plain language of this provision bespeaks a deliberate legislative choice that the trial court *may* award attorney's fees to a successful party, not that an award of attorney's fees is required. As stated in section 311.016(1) of the Code Construction Act, use of the word "may" "creates discretionary authority or grants permission or a power." *See* Tex. Gov't Code Ann. § 311.016(1) (West 2005). By its use of the word "may" in section 42.29, the legislature has granted discretionary power in the trial court to determine whether an award of attorney's fees is appropriate. Had the legislature intended to impose a mandatory award of attorney's fees, it would have used the word "shall." *See* Tex. Gov't Code Ann. § 311.016(2) (West 2005) ("shall" imposes a duty); *see also Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998) (statutes providing that a party "*shall* be awarded" attorney's fees are not discretionary) (emphasis added).

***Supreme court precedent does not support the majority's interpretation***

Although the majority recognizes the general rule that "may" is discretionary and "shall" is mandatory, the majority ignores this rule in favor of a judicially created exception based on the supreme court's decision in *Bocquet v. Herring*, 972 S.W.2d 19 (Tex. 1998). The majority

---

[2] *See* Act of May 30, 1983, 68th Leg., R.S., ch. 905, § 1, 1983 Tex. Gen. Laws 5033 (amended 1991, 1997) (current version at Tex. Tax Code Ann. § 42.29 (West 2001)).

misinterprets *Bocquet* and erroneously concludes that, at least in this context, "may" means "must" or "shall." *Bocquet* does not support the majority's conclusion.

In *Bocquet*, the supreme court considered the proper standard of review for an award of attorney's fees under the UDJA. 972 S.W.2d at 20. Finding that the UDJA stated that a court "may" award attorney's fees, the supreme court held that such language does not require an award of attorney's fees but, instead, affords a "measure of discretion" to the trial court in deciding whether to award attorney's fees. *Id.* (citing *Commissioners Court v. Agan*, 940 S.W.2d 77, 81 (Tex. 1997); *Barshop v. Medina County Underground Water Conservation Dist.*, 925 S.W.2d 618, 637-638 (Tex. 1996); *Texas Educ. Agency v. Leeper*, 893 S.W.2d 432, 444-446 (Tex. 1994); *Edgewood Indep. Sch. Dist. v. Kirby*, 777 S.W.2d 391, 398-399 (Tex. 1989); *Duncan v. Pogue*, 759 S.W.2d 435, 435-436 (Tex. 1988); *Oake v. Collin County*, 692 S.W.2d 454, 455-456 (Tex. 1985)). Comparing other statutes that provided for attorney fee awards, the supreme court confirmed that statutes providing that a court "may" award attorney's fees are discretionary, *see id.* (collecting cases), whereas statutes providing that a party "may recover," "shall be awarded," or "is entitled to" are not. *See id.* at 20-21. (collecting cases).[3]

---

[3] One of the statutes held by the supreme court to require a mandatory award of attorney's fees was former section 251.008 of the election code. *See Bocquet*, 972 S.W.2d at 20-21 (citing *Ragsdale v. Progressive Voters League*, 790 S.W.2d 77, 86 (Tex. App.—Dallas 1990), *aff'd in part and rev'd in part on other grounds*, 801 S.W.2d 880 (Tex. 1990)). Without further explanation or citation, the supreme court mentions that former section 251.008 has been recodified as section 253.131 of the election code. *See Bocquet*, 972 S.W.2d at 20-21. Although former section 251.008 provided, *inter alia*, that a person who knowingly makes or accepts an unlawful campaign contribution "shall be civilly liable" to an opposing candidate for "reasonable attorneys' fees," *see Ragsdale*, 790 S.W.2d at 81, section 253.131 (and section 253.132) of the election code now provides that reasonable attorney's fees "may be awarded." *See* Tex. Elec. Code Ann. § 253.131(e) (West 2003); *see also id.* § 253.132(c) (West 2003) (stating that reasonable attorney's fees "may be awarded").

The supreme court's holding that the phrase "*shall* be awarded" requires a mandatory award of attorney's fees makes clear that the phrase "*may* be awarded" is different and does not require a mandatory award of attorney's fees. *See* 927 S.W.2d at 20-21; *see also In re Bell*, 91 S.W.3d 784, 790 (Tex. 2002) (explaining that we must presume that every word included in a statute has been used for a purpose). The majority fashions a new rule for determining whether attorney's fees are mandatory or discretionary based on who is the "actor" or the "subject" specified in the statute. According to the majority, if the statute provides that the trial court "may award" attorney's fees, then the statute is discretionary and an award of attorney's fees is at the option of trial court; thus, the majority reasons that if the statute provides that a party "may recover" or "obtain" attorney's fees, then the statute is mandatory and requires an award of attorney's fees. This argument proves too much.

But a proper analysis of the statutes considered by the court in *Bocquet* demonstrates that the phrase "may be awarded" affords a "measure of discretion" in the trial court to award such fees. 972 S.W.2d at 20-21. For example, one of the statutes considered in *Bocquet* was former section 11.18(a) of the family code.[4] *See Bocquet*, 972 S.W.2d at 20 (citing *Bruni v. Bruni*, 924 S.W.2d 366, 368 (Tex. 1996)). As amended by the legislature in 1981, section 11.18(a) provided that attorney's fees "may be taxed" and may be ordered to be paid directly to the attorney. *See* Act of May 31, 1981, 67th Leg., R.S., ch. 355, § 3, 1981 Tex. Gen. Laws 942, 944. After this amendment, the full text of section 11.18(a) provided:

---

[4] Act of May 25, 1973, 63rd Leg., R.S., ch. 543, § 1, 1973 Tex. Gen. Laws 1411, 1419, *repealed by* Act of Apr. 6, 1995, 74th Leg., R.S., ch. 20, § 1, 1995 Tex. Gen. Laws 113.

In any proceeding under this subtitle, including but not limited to, habeas corpus, enforcement, and contempt proceedings, the court may award costs. *Reasonable attorney's fees may be taxed* as costs, and may be ordered paid directly to the attorney, who may enforce the order for fees in his own name.

*See id.* (emphasis added). Like the "may be awarded" language in section 42.29 of the tax code, former section 11.18(a) of the family code couples the word "may" along with use of the passive voice in the phrase "may be taxed." The supreme court held such language to be discretionary. *Bocquet*, 972 S.W.2d at 20 (citing *Bruni*, 924 S.W.2d at 368)).[5] Contrary to the majority's opinion, this holding supports the interpretation that the phrase "may be awarded" in section 42.29 is also discretionary.[6]

Moreover, in 1995, the legislature recodified former section 11.18(a) of the family code into section 106.002. *See* Act of Apr. 6, 1995, 74th Leg., R.S., ch. 20, § 1, 1995 Tex. Gen. Laws 113, 133 (current version at Tex. Fam. Code Ann § 106.002 (West 2002)) (recodifying Title 2 of the family code). The amended statute now provides: "In a suit under this title, the court may

---

[5] This Court has likewise found issues raised under former section 11.18(a) to "concern matters within the trial court's discretion." *See Satterfield v. Huff*, 768 S.W.2d 839, 841 (Tex. App.—Austin 1989, no writ) (opinion on reh'g).

[6] Likewise, the majority's citation to the unpublished opinion in *Gardner v. Warehouse Partners*, No. 05-97-01501-CV, 2000 Tex. App. 1766 (Tex. App.—Dallas Mar. 17, 2000, no pet.), does not support the result it seeks. In *Gardner*, the court considered whether the remedies afforded to a prevailing tenant under section 92.0081 of the property code were mandatory or discretionary. *Id*. Because section 92.0081 provided that the tenant "may recover" the specified remedies, the court concluded that such remedies were mandatory. *Id*. But language stating that a party may recover attorney's fees is not the same as language stating that a party may be awarded attorney's fees. Thus, *Gardner* fails to resolve the question at hand—namely, how to interpret the phrase "may be awarded" as used in section 42.29 of the tax code.

6

order reasonable attorney's fees as costs and order the fees to be paid directly to an attorney." Tex. Fam. Code Ann. § 106.002. Because this change was the product of a nonsubstantive recodification,[7] the revised language confirms that an award under former section 11.18(a) was discretionary, not mandatory.

Although the majority ultimately agrees that an award of attorney's fees under former section 11.18(a) was discretionary, the majority opines that this was always the case because the first sentence of former section 11.18(a) "specifically vested" the trial court with discretion "to award 'costs.'" Therefore, the majority argues, since the trial court could only award reasonable attorney's fees as costs, such an award must have been discretionary because any award of costs was already discretionary as provided in the first sentence of the statute. This circular reasoning lends no support to its claim that the phrase "may be awarded" in section 42.29 of the tax code requires a mandatory award of attorney's fees. Costs are not the equivalent of attorney's fees, and without the second sentence of former section 11.18(a), specifying that attorney's fees "may be taxed as costs," there would have been no provision for the award of attorney's fees at all. The majority's analysis fails to give effect to the full text of the statute and ignores two important rules of statutory construction:

---

[7] The bill analysis prepared by the House Committee on Juvenile Justice and Family Issues states:

> The intent of this bill is a nonsubstantive recodification of the statutes relating to parents and children and suits affecting the parent - child relationship. *This recodification does not make changes in the meaning or intent of present law*.

House Comm. on Juvenile Justice & Family Issues, Bill Analysis, Tex. H.B. 655, 74th Leg., R.S. (1995) (emphasis added).

the legislature included every word in a statute for a purpose, and the legislature has not done a useless act. *See In re Bell*, 91 S.W.3d at 790; *Brown v. De La Cruz*, 156 S.W.3d 560, 566 (Tex. 2004).

The majority's reliance on the split decision by the San Antonio court of appeals in *Zapata County Appraisal District. v. Coastal Oil & Gas Corporation*, 90 S.W.3d 847 (Tex. App.—San Antonio 2002, pet. denied), is similarly misplaced.[8] Like the supreme court in *Bocquet*, the majority of the San Antonio court in *Zapata* traces its reasoning to a 1982 decision by the Fort Worth court of appeals in *Kimbrough v. Fox*, 631 S.W.2d 606 (Tex. App.—Fort Worth 1982, no writ). In *Kimbrough*, the Fort Worth court of appeals considered whether article 2226 of the revised civil statutes required a mandatory award of attorney's fees. 631 S.W.2d at 609. At the time, article 2226 provided in relevant part that "a claimant may recover . . . a reasonable amount as attorney's fees." *Id*. (quoting former Tex. Rev. Civ. Stat. Ann. art. 2226 (Vernon 1971)[9]). Although the court noted that "may" was permissive and "shall" was mandatory, the Fort Worth court of appeals concluded that the question turned upon legislative intent and in whom the legislature had vested authority in article 2226. *Id*. Stated differently, the *Kimbrough* court explained that whether a fee award was mandatory or discretionary depended on whether the legislature had granted the *litigant* permission to *recover* attorney's fees or whether it had granted the *trial court* permission to *award* or deny such fees. *Id*. Relying on the supreme court's decision in *Woods v. Littleton*, 554 S.W.2d

---

[8] According to both the majority and dissenting opinions in *Zapata*, evidently both parties acknowledged that the award of fees was discretionary. *See* 90 S.W.3d at 852-53; *id.* at 854-55 (Marion, J., dissenting).

[9] Act approved Mar. 13, 1909, 31st Leg., R.S., ch. 47, § 1, 1909 Tex. Gen. Laws 93 (repealed 1985) (current version at Tex. Civ. Prac. & Rem. Code §§ 38.001–.006 (West 1997)).

662 (1977), the Fort Worth court of appeals in *Kimbrough* held that the phrase "may recover" provided for a mandatory award of attorney's fees. *Kimbrough*, 631 S.W.2d at 609. In *Woods v. Littleton*, the supreme court considered whether the phrase "may obtain" in section 17.50(b) of the business and commerce code entitled a claimant to a mandatory award of treble damages. *Woods*, 554 S.W.2d at 668-69. Although the supreme court concluded that the phrase "may obtain" was mandatory in the context of an award of treble damages under section 17.50(b), that holding has since been abrogated by statutory amendment as recognized in *Horta v. Tennison*, 671 S.W.2d 720, 724 (Tex. App.—Houston [1st Dist.] 1984, no writ).

But even if one accepts the distinction created in *Bocquet*, *Kimbrough* and *Woods*, the phrase "may be awarded" does not compel a mandatory award of attorney's fees. Although both of the statutes at issue in *Kimbrough* and *Woods* used the word "may," neither of those statutes coupled the word may with use of the passive voice. *See Kimbrough*, 631 S.W.2d at 609; *Woods*, 554 S.W.2d at 668-69. As one commentator has explained, "The point about passive voice is that the subject of the clause does not perform the action of the verb." Brian A. Garner, The Winning Brief: 100 Tips for Persuasive Briefing in Trial and Appellate Courts 157 (1999). Use of the passive voice requires the addition of a "*by*-phrase" to reveal the true actor of the sentence. *Id*. at 158. With this addition, section 42.29 becomes: "a property owner . . . may be awarded reasonable attorney's fees [by the trial court]." Even under the majority's "actor/subject" rule it is the trial court—not the litigant—who is the actor and subject in section 42.29. Accordingly, *Bocquet*, *Kimbrough*, and *Woods* do not support the interpretation of the phrase "may be awarded" urged by the majority here.

9

*Legislative history does not support the majority's interpretation*

When the legislature enacted section 42.29 of the tax code in 1983, it repealed section 42.27 of the tax code in the same legislation. *See* Act of May 30, 1983, 68th Leg., R.S., ch. 905, §§ 1-2, 1983 Tex. Gen. Laws 5033 (enacting section 42.29 and repealing section 42.27). Prior to these 1983 amendments, former section 42.27(d) provided that a prevailing taxpayer was "*entitled to reimbursement* for reasonable attorney's fees." *See* Act of May 26, 1979, 66th Leg., R.S., ch. 841, § 1, 1983 Tex. Gen. Laws 2217, 2312.

In changing the words of the statute, we may not lightly presume that the legislature has done a useless act. *Travis County v. Pelzel & Assocs.*, 77 S.W.3d 246, 250 (Tex. 2002) (citing *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 485 (Tex. 1998) (construing statute in which the legislature changed the word "company" to "person")). And the legislature is presumed to enact a statute with complete knowledge of the existing law and with reference to it. *Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990). In reaching the conclusion that section 42.29 is mandatory, however, the majority ignores its legislative history. Based on the change in the statutory language, it is clear that the legislature intended to change attorney's fees in section 42.29 from a mandatory entitlement to a discretionary award.

The majority is wrong to assume that the legislature would have mentioned its intent to make a substantive statutory change in the bill analysis. When the legislature changes statutory language from "is entitled to attorney's fees" to "may be awarded attorney's fees," we do not presume the legislature has done a useless act. *Brown*, 156 S.W.3d at 566. As the supreme court has recognized, the mere deletion of a word during recodification plainly indicates the legislature's

10

intent to alter the substantive meaning of a statute. *Fleming Foods v. Rylander*, 6 S.W.3d 278, 286 (Tex. 1999). Given this clear change in the plain language of the statute, there is no need to assume, much less expect, that the legislature would have to explain itself or its intent in a bill analysis.

***Use of similar language in other statutes does not support majority's interpretation***

The majority fails to consider the legislature's use of the phrase "may be awarded" in contexts other than attorney's fees awarded under section 42.29. But adoption of the majority's interpretation of "may be awarded" in this context could lead to absurd results and unintended consequences when applied in other contexts beyond section 42.29.

For example, in the context of exemplary or punitive damages, the legislature has stated "exemplary damages *may be awarded*" if the claimant proves by clear and convincing evidence that the harm for which recovery is sought resulted from fraud, malice, or gross negligence. Tex. Civ. Prac. & Rem. Code Ann. § 41.003(a) (West Supp. 2005). No one would argue that the decision to award exemplary damages is mandatory. *See* Tex. Civ. Prac. & Rem. Code Ann. § 41.010(b) (West Supp. 2005) (giving trier of fact discretion to award exemplary damages). But adoption of the majority's interpretation of the "may be awarded" language in section 42.29 of the tax code could result in a mandatory award of exemplary damages upon the requisite proof under section 41.003 of the civil practices and remedies code. *See id*. § 41.003(a). Such a result would be in direct conflict with section 41.010 of the civil practices and remedies code because that section expressly provides that the decision to award exemplary damages is discretionary. Accordingly, the legislature's use of the phrase "may be awarded" in section 41.003 of the civil practices and remedies code confirms that such language is discretionary, not mandatory.

11

Another more recent legislative enactment likewise confirms that the phrase "may be awarded" is discretionary, not mandatory. In 2005, the legislature changed the language in section 3106.002 of the government code[10] from "may be awarded" to "shall be awarded." *See* Act of May 25, 2005, 79th Leg., R.S., ch. 99, § 1, 2005 Tex. Gen. Laws 3295. Section 3106.002 provides for the award of the Peace Officers' Star of Texas Award to each peace officer seriously injured in the line of duty and to the surviving next of kin of each peace officer who is killed or sustains a fatal injury in the line of duty. Tex. Gov't Code Ann. § 3106.002 (West Supp. 2005). The bill analyses for this 2005 amendment confirm that section 3106.002 now requires, rather than authorizes, an award under this statute. *See* Senate Comm. on Intergovernmental Relations, Bill Analysis, Tex. H.B. 1977, 79th Leg., R.S. (2005); House Comm. on Transp., Bill Analysis, Tex. H.B. 1977, 79th Leg., R.S. (2005). In other words, this 2005 amendment makes clear that the phrase "may be awarded" is discretionary, not mandatory.

The majority's interpretation portends unintended consequences. By interpreting section 42.29 of the tax code to require a mandatory award of attorney's fees to a prevailing party, the majority provides an incentive for taxpayers to challenge the district's tax appraisal. Although the majority construes this incentive as necessary to encourage districts to engage in settlement negotiations as opposed to litigation, indeed the opposite may result. To accept the majority's interpretation, districts may now have an incentive to negotiate a settlement rather than pursuing litigation, but taxpayers will have the opposite incentive knowing that, should they succeed, they will

---

[10] This provision was renumbered from section 3105.002 to 3106.002 by Act of May 24, 2005, 79th Leg., R.S., ch. 728, § 23.001(43), 2005 Tex. Gen. Laws 2188, 2316.

12

be entitled to an automatic award of attorney's fees. This interpretation may well result in more taxpayer suits and could have an unintended impact on the government fisc. Appraisal districts are merely the entities that assess and collect local property taxes. By requiring appraisal districts to fund a mandatory award of attorney's fees under section 42.29 of the tax code, the majority exposes local taxing units to uncontemplated costs that "may hamper governmental functions by requiring tax resources to be used for defending lawsuits and paying judgments [and attorney's fees] rather than using those resources for their intended purposes." *See Reata Constr. Corp. v. City of Dallas*, No. 02-1031, 2006 Tex. LEXIS 601, at *8-9 (Tex. Jun. 30, 2006). This will surely require local taxing authorities to re-calibrate and, perhaps, increase local property taxes to account for the majority's interpretation of this statute. That simply cannot be what the legislature intended when it spoke clearly that attorney's fees "may be awarded" to a prevailing party under section 42.29 of the tax code.

## CONCLUSION

Because neither the plain language of the statute, supreme court precedent, legislative history, nor use of the phrase "may be awarded" in other statutes supports the majority's interpretation that section 42.29 of the tax code requires a mandatory award of attorney's fees to a prevailing party, I dissent.

13

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices B. A. Smith, Patterson, Puryear, Pemberton and Waldrop

Filed:   September 8, 2006