**Affirmed; and Opinion Filed June 29, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-01113-CV

## IN THE INTEREST OF A.M. AND A.M., CHILDREN

**On Appeal from the 302nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-06-19556-302**

## MEMORANDUM OPINION

Before Justices Fillmore, Myers, and Evans
Opinion by Justice Evans

Robert M. (Father) appeals from the trial court's "Modified Order In Suit To Modify Parent-Child Relationship." For the reasons that follow, we affirm the trial court's order.

Father, an attorney representing himself pro se, brings a single issue complaining about the trial court's failure to award him attorney's fees.[1] Specifically, Father argues the trial court abused its discretion because deemed admissions conclusively established his entitlement to an attorney's fee award of $29,568.92.[2] Father fails to reference any legal authority to support his contention. In the "Table of Contents" section of his brief, under "Index of Authorities," Father lists "n.a." instead of a page reference. Moreover, the argument portion of his brief, consisting

---

[1] The record reflects that Father is a non–practicing attorney. He also represented himself pro se in the trial court below.

[2] The two deemed admissions upon which Father relies are request for admission number 27 stating, "Due to [Mother's] activities in this case, reasonable attorney fees should be awarded to [Father]" and request for admission number 28 stating "Reasonable attorney fees that should be awarded to [Father] is the amount charged to "Mother" by her attorneys."

of three short paragraphs, has several record references but does not contain a single legal citation or any meaningful legal analysis.

We hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *See Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). Our appellate rules have specific briefing provisions that require Father to state concisely his complaint, provide an understandable, succinct, and clear argument to support his contentions, and cite and apply relevant law together with appropriate record references. *See* TEX. R. APP. P. 38.1(f), (h), and (i); *Bolling*, 315 S.W.3d at 895. We are not required to sort through the record to find facts or research relevant law that might support appellant's position. *See Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). Because Father has failed to adequately brief his sole issue in compliance with the rules of appellate procedure, his complaint presents nothing for our review.

Even if appellant had made an argument for us to consider, an award of reasonable attorney's fees in a suit affecting the parent-child relationship is within the trial court's discretion under the family code. *See* TEX. FAM. CODE ANN. § 106.002 (West 2014); *Tucker v. Thomas*, 419 S.W.3d 292, 296 (Tex. 2013) ("Section 106.002, applicable to all SAPCRs, invests a trial court with general discretion to render judgment for reasonable attorney's fees to be paid directly to a party's attorney.") (citing *Lenz v. Lenz*, 79 S.W.3d 10, 21 (Tex. 2002) ("An attorney's fees award in a suit affecting the parent-child relationship is discretionary with the trial court.")). Father acknowledges this in his brief. As such, even if the requests were appropriate and properly considered by the trial court, the deemed admissions cannot limit the discretion of the trial court when it decides whether and how much attorney's fees to award. *See Satterfield v. Huff*, 768 S.W.2d 839, 841 (Tex. App.—Austin 1989, writ denied).

We affirm the trial court's order.

/David Evans/
DAVID EVANS
JUSTICE

141113F.P05