# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-22-00731-CV

---

**Andrew Wilburn Russell, Appellant**

**v.**

**Heather Diane Schriber, Appellee**

---

### FROM THE 459TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-FM-18-000813, THE HONORABLE MADELEINE CONNOR, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

This is an appeal from a modification order in a suit affecting the parent-child relationship (SAPCR). The appellant, Andrew Wilburn Russell, challenges the trial court's modification order, which (1) modified the parties' possession and access to their child, L.J.R.; (2) ordered that Russell make monthly child support payments; and (3) awarded Russell and Schriber attorneys' fees. Russell also appeals the court's denial of his motion to hold Schriber in contempt for allegedly violating a 2019 Agreed Order in the SAPCR. We will affirm the trial court's modification order. We will dismiss Russell's challenge to the court's denial of his motion to hold Schriber in contempt for lack of jurisdiction.

## BACKGROUND

Russell and Schriber are the parents of L.J.R., who was eight years old at the time of the modification hearing. In August 2019, Russell filed a suit to establish paternity of L.J.R.

and an accompanying SAPCR seeking to be appointed L.J.R.'s sole managing conservator. Schriber filed a counter-petition acknowledging that Russell was L.J.R.'s father and requesting that she and Russell be appointed L.J.R.'s joint managing conservators. In December 2019, the court signed an Agreed Order that resolved the parties' competing SAPCRs and addressed issues related to conservatorship and possession and access to L.J.R. Relevant to this appeal, the Agreed Order appointed Russell and Schriber L.J.R.'s joint managing conservators. The Agreed Order also provided for a phased possession schedule for Schriber, with increasing periods of possession dependent on her complying with the provisions of the Agreed Order addressing issues such as parent education, ensuring L.J.R. was properly cared for and attended school regularly and on time, and the method for communications between Russell and Schriber regarding L.J.R. The Agreed Order provided that, during any of the phases, if Schriber failed "to meet any requirement detailed in" the Agreed Order, the time period for the phase started over and Schriber's possession would be pursuant to that phase until she had complied with the requirements for that phase for its entire time period. The Agreed Order also provided that "no party will owe child support to the other party."

In August 2021, Schriber filed a petition to modify the parent-child relationship seeking to modify the Agreed Order primarily to provide her possession of L.J.R. pursuant to a 5/2/2/5 schedule and to order Russell to pay "guideline child support."[1] Russell responded by filing a motion to enforce the Agreed Order seeking, relevant to this appeal, to hold her in

---

[1] At trial, Schriber testified that in the two years since entry of the Agreed Order, Russell had "restarted" Schriber's phase one possession time period at least ten times based on what she characterized as minor deviations from the "detailed requirements" of the Agreed Order that had no negative impact on L.J.R.'s health or well-being. On appeal, Schriber maintains that she substantially complied with the Agreed Order and that Russell's repeatedly "restarting" her phase one possession time period was retaliatory, harassing, and contrary to L.J.R.'s best interest.

criminal contempt for "approximately 128" alleged violations of the Agreed Order. Russell also filed a counter-petition to modify the parent-child relationship, again seeking to be appointed L.J.R.'s sole managing conservator and requesting that Schriber be ordered to make child support payments to him.

In June 2022, the trial court held a hearing on the competing motions to modify the parent-child relationship and on Russell's motion to enforce the Agreed Order by contempt. After the hearing, Schriber filed a motion for attorneys' fees, which Russell moved to strike. In September 2022, the trial court signed a Final Order to Modify Parent-Child Relationship that, in relevant part, appointed Russell and Schriber L.J.R.'s joint managing conservators, provided that Schriber have possession of L.J.R. on Mondays and Tuesdays of each week and on alternating weekends, and ordered Russell to make monthly child support payments of $1,359.10. The trial court denied Russell's motion to hold Schriber in contempt for prior alleged violations of the Agreed Order; ordered Schriber to pay Russell $500 in attorneys' fees related to a previously filed motion to compel discovery; and ordered Russell to pay Schriber $6,659.10 in attorneys' fees pursuant to Texas Family Code section 106.002. *See* Tex. Fam. Code § 106.002(a) (trial court may render judgment in SAPCR for reasonable attorneys' fees and expenses). Russell then perfected this appeal.

## DISCUSSION

The issues presented in this appeal over which this Court has jurisdiction are subject to review for clear abuse of discretion. *See, e.g.*, *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *Zeifman v. Michels*, 212 S.W.3d 582, 587 (Tex. App.—Austin 2006, pet. denied); *In re J.R.D.*, 169 S.W.3d 740, 743 (Tex. App.—Austin 2005, pet. denied); *Echols v. Olivarez*,

3

85 S.W.3d 475, 476 (Tex. App.—Austin 2002, no pet.); *Satterfield v. Huff*, 768 S.W.2d 839, 841 (Tex. App.—Austin 1989, writ denied). "A trial court abuses its discretion only when it has acted in an unreasonable or arbitrary manner, or when it acts without reference to any guiding principle." *In re Marriage of Jeffries*, 144 S.W.3d 636, 638 (Tex. App.—Texarkana 2004, no pet.) (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985)). Under this standard, legal and factual sufficiency of the evidence are not independent grounds for asserting error but are relevant factors in determining whether the trial court abused its discretion. *Zeifman*, 212 S.W.3d at 587; *Niskar v. Niskar*, 136 S.W.3d 749, 753 (Tex. App.—Dallas 2004, no pet.); *In re Davis*, 30 S.W.3d 609, 614 (Tex. App.—Texarkana 2000, no pet.). In determining whether the trial court abused its discretion, we consider whether the trial court had sufficient evidence upon which to exercise its discretion and, if so, whether it erred in the exercise of that discretion. *In re W.C.B.*, 337 S.W.3d 510, 513 (Tex. App.—Dallas 2011, no pet.). We consider only the evidence most favorable to the trial court's ruling and will uphold its judgment on any legal theory supported by the evidence. *Worford*, 801 S.W.2d at 109. A trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support the trial court's decision. *Valdez v. Valdez*, 930 S.W.2d 725, 731 (Tex. App.—Houston [1st Dist.] 1996, no writ).

We are further mindful that "the trial judge is best able to observe and assess the witnesses' demeanor and credibility, and to sense the 'forces, powers, and influences' that may not be apparent from merely reading the record on appeal." *In re A.L.E.*, 279 S.W.3d 424, 427 (Tex. App.—Houston [14th Dist.] 2009, no pet.). We, therefore, defer to the trial court's judgment in matters involving factual resolutions and any credibility determinations that may have affected those resolutions. *George v. Jeppeson*, 238 S.W.3d 463, 468 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

*Modification of Agreed Order*

On appeal, Russell argues that the trial court's determinations on conservatorship (appointing Russell and Schriber joint managing conservators); possession and access (providing that Schriber have possession of L.J.R. on Mondays, Tuesdays, and alternating weekends and that Russell have possession of L.J.R. on Wednesdays, Thursdays, and alternating weekends); and child support (ordering Russell to pay monthly child support in the amount of $1,359.10) constituted an abuse of discretion.

With respect to the conservatorship and possession issues, Russell asserts that Schriber failed to meet her burden of demonstrating that there was a material and substantial change in circumstances as required to support the trial court's modification of an order regarding conservatorship and possession and access. *See* Tex. Fam. Code § 156.101(a); *Zeifman*, 212 S.W.3d at 589. As an initial matter, we note that the trial court's order appointing Russell and Schriber joint managing conservators of L.J.R. did not constitute a modification of the Agreed Order, which already included a provision appointing the parents L.J.R.'s joint managing conservators. With regard to possession and access to L.J.R., while Russell argues that the evidence is legally and factually insufficient to support a finding that there has been a material and substantial change warranting modification of the possession and access provisions of the Agreed Order, his live pleading at the time of trial alleged, with respect to modification of conservatorship and possession and access, that "[t]he circumstances of the child, a conservator, or other party affected by the order to be modified have materially and substantially changed since the date of rendition of the order to be modified." Russell and Schriber sought different relief in their petitions to modify the parent-child relationship with respect to possession and access; however, their modification claims contained a common essential element. That is, each required proof of

5

"change of circumstances." *See In re A.E.A.*, 406 S.W.3d 404, 410 (Tex. App.—Fort Worth 2013, no pet.). Russell's allegation of a change in circumstances in his petition to modify constitutes a judicial admission of that same essential element in Schriber's claim for modification of the parent-child relationship even though the parties did not request the same relief. *See Obernhoff v. Nelson*, No. 01-17-00816-CV, 2019 WL 4065017, at *20 (Tex. App.—Houston [1st Dist.] Aug. 29, 2019, no pet.) (mem. op.) ("One party's allegation of a change in circumstances of the parties constitutes a judicial admission of the common element of 'change of circumstances' in the other party's similar pleading."); *In re A.E.A.*, 406 S.W.3d at 410. Further, an admission in a trial court pleading constitutes a judicial admission in the case in which the pleading was filed, requires no proof of the admitted fact, and authorizes the introduction of no evidence to the contrary. *Obernhoff*, 2019 WL 4065017, at *20; *In re A.E.A.*, 406 S.W.3d at 410; *see also Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 568 (Tex. 2001) (assertion of fact in party's pleading can constitute judicial admission that may substitute for evidence that has "conclusive effect and bars the admitting party from later disputing the admitted fact").

Russell is therefore precluded from asserting on appeal that the evidence is insufficient to support the trial court's finding that there had been a material and substantial change warranting modification of the Agreed Order's possession and access provisions. *See In re A.L.H.*, 515 S.W.3d 60, 81 n.5 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (appellate court must overrule sufficiency challenge where party judicially admitted material and substantial change in circumstances had occurred in petition to modify); *Filla v. Filla*, No. 03-14-00502-CV, 2016 WL 4177236, at *5 (Tex. App.—Austin Aug. 5, 2016, pet. denied) (mem. op.) ("[W]ell established case law provide[s] that an allegation in a pleading of a material and substantial change constitutes a judicial admission of the same element in the opposing party's claim for modification of the

previous order . . . [and] [b]ecause [party] judicially admitted th[e] element, she is barred on appeal from challenging the sufficiency of the evidence to support it."); *In re A.E.A.*, 406 S.W.3d at 410-11 (because party judicially admitted change-of-circumstances element of other party's claim in his petition to modify, party barred on appeal from challenging sufficiency of evidence to support material and substantial change in circumstances). We overrule Russell's challenges to the trial court's determinations regarding conservatorship and possession and access.

With respect to the child support issue, Russell argues that the trial court abused its discretion by modifying the Agreed Order to include a provision ordering that he make monthly child support payments of $1,359.10. Russel asserts that, in the Agreed Order, "the parties agreed that neither party would owe child support to the other party" and further maintains that "[t]he imposition of monthly child support appears to be the direct result of the trial court erroneously granting [Schriber's] motion to modify and order[ing] that possession of L.J.R. be equal." Russell again states that Schriber "failed to prove a material and substantial change of circumstances" that would support modifying the Agreed Order to include a provision requiring that he make monthly child support payments. Specifically, Russell asserts that "[Schriber] provided absolutely no evidence that [her] financial circumstances or [Russell's] financial circumstances had materially and substantially changed since the 2019 Agreed Order."

In his motion to modify, Russell requested that the court modify the child support order to provide that Schriber "pay child support to [Russell], per the Texas Family Code Guidelines, retroactively, beginning on the date that [Schriber] was served" with his motion to modify. In his live pleading, Russell alleged, with respect to modification of the child support provision, that "[t]he circumstances of the child, a conservator, or other party affected by the order to be modified have materially and substantially changed since the date of rendition of the

7

order to be modified." As previously discussed, having made this judicial admission, Russell is precluded from asserting on appeal that the evidence is insufficient to support the trial court's finding that there had been a material and substantial change warranting modification of the Agreed Order's child support provisions. *See In re A.L.H.*, 515 S.W.3d at 81 n.5 (appellate court must overrule sufficiency challenge where party judicially admitted material and substantial change in circumstances had occurred in petition to modify); *Filla*, 2016 WL 4177236, at *5 ("[W]ell established case law provide[s] that an allegation in a pleading of a material and substantial change constitutes a judicial admission of the same element in the opposing party's claim for modification of the previous order . . . [and] [b]ecause [party] judicially admitted th[e] element, she is barred on appeal from challenging the sufficiency of the evidence to support it."); *In re A.E.A.*, 406 S.W.3d at 410-11 (because party judicially admitted change-of-circumstances element of other party's claim in his petition to modify, party barred on appeal from challenging sufficiency of evidence to support material and substantial change in circumstances). We overrule Russell's challenge to the trial court's order that he make monthly child support payments.

### *Motion for Enforcement by Contempt*

In his appeal, Russell challenges the trial court's denial of his motion to hold Schriber in contempt for alleged violations of the Agreed Order. In his motion, Russell asserted that Schriber had repeatedly violated provisions of the order related to L.J.R.'s care. By way of example, Russell claimed that, from September 2019 through May 2022, Schriber failed to respond to his communications posted to the Our Family Wizard program within 24 hours on 72 occasions and that Schriber violated the Agreed Order in other ways such as allowing L.J.R. to miss two swimming lessons; twice failing to return L.J.R.'s school notebook and clothing at the end of her

8

periods of possession; failing to inform Russell of the job title, address of, or phone number for a new job she told him she had secured; and on a few occasions permitting or causing L.J.R. to be tardy to school, miss taking her allergy medication, and skip a meal. In his motion, Russell requested that Schriber be "held in criminal contempt and fined for each" alleged violation of the Agreed Order. The trial court denied the request to hold Schriber in contempt. On appeal, Russell argues that the trial court abused its discretion by characterizing the alleged violations as "minor infractions" and denying his request that Schriber be held in contempt for the "undisputed" violations of the Agreed Order.

Although neither party raised it, this Court has a duty to assess its own jurisdiction sua sponte. *See M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004); *Ward v. Lamar Univ.*, 484 S.W.3d 440, 450-51 (Tex. App.—Houston [14th Dist.] 2016, no pet.). This Court "has jurisdiction to hear an appeal when the 'issues on appeal do not assert that the trial court erred in refusing to hold [appellee] in contempt of court.'" *Marcus v. Smith*, 313 S.W.3d 408, 415 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (quoting *In re W.J.B.*, 294 S.W.3d 873, 878 (Tex. App.—Beaumont 2009, no pet.)). An "order finding a party not in contempt is not a final, appealable judgment." *Norman v. Norman*, 692 S.W.2d 655, 655 (Tex. 1985). "Decisions in contempt proceedings cannot be reviewed on appeal because contempt orders are not appealable, even when appealed along with a judgment that is appealable.'" *Marcus*, 313 S.W.3d at 415 (quoting *Cadle Co. v. Lobingier*, 50 S.W.3d 662, 671 (Tex. App.—Fort Worth 2001, pet. denied)).

Contempt proceedings, whether the court grants or denies the motion, are not appealable because they "are not concerned with disposing of all claims and parties before the court, as are judgments; instead, contempt proceedings involve a court's enforcement of its own orders, regardless of the status of the claims between the parties before it." *In re Office of Attorney*

*Gen. of Tex.*, 215 S.W.3d 913, 915-16 (Tex. App.—Fort Worth 2007, orig. proceeding); *Hooper v. Hooper*, No. 14-09-01024-CV, 2011 WL 334198, at *1 (Tex. App.—Houston [14th Dist.] Feb. 3, 2011, no pet.) (mem. op.) (dismissing for want of jurisdiction appeal from denial of contempt motion seeking to enforce child support order). "A contempt judgment may be attacked by a petition for writ of habeas corpus (if the contemnor is confined) or a petition for writ of mandamus (if no confinement is involved), *see Cadle*, 50 S.W.3d at 671; however, because a contempt order is not a final judgment, a remedy by appeal does not lie." *In re Office of Attorney Gen. of Tex.*, 215 S.W.3d at 916. Thus, we must dismiss Russell's appeal of the trial court's denial of his motion to hold Schriber in contempt for want of jurisdiction. *See Norman*, 692 S.W.2d at 655; *Marcus*, 313 S.W.3d at 415; *Hooper*, 2011 WL 334198, at *1.

***Attorneys' Fee Awards***

Russell first asserts that the trial court abused its discretion by awarding him only $500.00 in attorneys' fees in connection with a motion to compel discovery and for sanctions that had been granted prior to the trial on the motion to modify the Agreed Order. The order on Russell's motion to compel discovery and for sanctions recited that "[r]easonable attorney's fees shall be awarded against [Schriber] and in favor of [Russell], in an amount to be determined at later hearing or final trial." Under the Family Code, in a SAPCR the trial court has discretion to "render judgment for reasonable attorney's fees and expenses and order the judgment and postjudgment interest to be paid directly to an attorney." Tex. Fam. Code § 106.002; *Bruni v Bruni*, 924 S.W.2d 366, 368 (Tex. 1996) (award of attorneys' fee is in trial court's discretion). An attorneys' fee award in a suit affecting the parent-child relationship is discretionary with the trial court. *See id.*; *Lenz v. Lenz*, 79 S.W.3d 10, 21 (Tex. 2002). Here, although Russell

10

submitted evidence that he had incurred $3,602.00 in attorneys' fees related to the motion to compel discovery, the trial court awarded him $500. Without further explanation or supporting authority, Russell asserts in his brief that this constituted an abuse of discretion. A court is not required to award the amount requested by an attorney. *See McFadden v. Bresler Malls, Inc.*, 526 S.W.2d 258, 264 (Tex. App.—Austin 1975, no writ). In light of the deferential standard of review of attorneys' fee awards in SAPCRs, we cannot conclude on this record that the trial court abused its discretion in awarding Russell $500.00 in attorneys' fees related to his motion to compel discovery. *See Coburn v. Moreland*, 433 S.W.3d 809, 841 (Tex. App.—Austin 2014, no pet.); *see also Lenz*, 79 S.W.3d at 21. We overrule Russell's challenge to the trial court's award of attorneys' fees to him in the amount of $500.00 related to his motion to compel discovery.

Russell next asserts that the trial court abused its discretion by awarding Schriber $6,659.10 in attorneys' fees based on a motion for attorneys' fees she filed after trial. After trial, Schriber submitted a motion for an award of attorneys' fees pursuant to Texas Family Code section 106.002. *See* Tex. Fam. Code § 106.002(a) (providing that trial court may order award of attorneys' fees and expenses in SAPCR). Russell moved to strike Schriber's pleadings, asserting that the motion "operates as a surprise" to him because a pre-trial order had precluded Schriber from presenting expert witnesses at trial due to her failure to disclose any testifying experts in response to Russell's Rule 194 request for disclosure. *See* Tex. R. Civ. P. 194.2(f) (requiring disclosure of information regarding testifying experts). The trial court denied Russell's motion to strike the pleading and awarded Schriber attorneys' fees of $6.659.10.

On appeal, citing no authority, Russell asserts that the attorneys' fee award constituted an abuse of discretion because "there was no evidence to support the award." Schriber's motion for attorneys' fees, however, was supported by the detailed affidavit of her

11

attorney in support of the requested attorneys' fee award, along with billing records detailing the services provided and amounts billed for each service. In light of the fact that evidence of attorneys' fees was presented to the trial court, we understand Russell's argument to be that the trial court erred in denying his motion to strike Schriber's pleadings on the basis of unfair surprise.

Assuming, without deciding, that the court's pre-trial order precluded Schriber from presenting any expert testimony in support of a request for attorneys' fees under section 106.002, the trial court impliedly modified that order by denying Russell's motion to strike and permitting Schriber to file her motion for attorneys' fees and accompanying supporting evidence. *See Trevino v. Trevino*, 64 S.W.3d 166, 170 (Tex. App.—San Antonio 2001, no pet.) (trial court implicitly modified docket control order by overruling plaintiff's motion to strike defendant's late-filed motion for summary judgment); *Ocean Transp., Inc. v. Greycas, Inc.*, 878 S.W.2d 256, 262 (Tex. App.—Corpus Christi-Edinburg 1994, writ denied) (trial court impliedly modified scheduling order by denying motion to strike expert witnesses and did not abuse its inherent right to change or modify scheduling order); *see also Wil-Roye Inv. Co. II v. Washington Mut. Bank, FA*, 142 S.W.3d 393, 401-02 (Tex. App.—El Paso 2004, no pet.) (trial court has inherent right to change or modify interlocutory order until judgment on merits in case becomes final). Although Russell asserted "surprise," he does not claim that he did not receive adequate notice of and opportunity to respond to Schriber's motion for attorneys' fees. *See Trevino*, 64 S.W.3d at 170. Accordingly, we conclude that the trial court did not err in denying Russell's motion to strike Schriber's motion for attorneys' fees, that there was evidence to support the attorneys' fee award, and, consequently, the trial court did not abuse its discretion to award attorneys' fees to Schriber pursuant to Texas Family Code section 106.002. We overrule Russell's challenge to the award of attorneys' fees to Schriber.

**CONCLUSION**

For the foregoing reasons, we overrule Russell's challenges to the trial court's modification order and affirm the provisions of the order addressing conservatorship, possession and access to L.J.R., and child support. We dismiss for lack of jurisdiction Russell's challenge to the trial court's denial of his motion to hold Schriber in contempt.

_____

Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Kelly and Theofanis

Affirmed in Part; Dismissed for Want of Jurisdiction in Part

Filed: November 8, 2024