**PATHFINDER PERSONNEL SERVICE, INC., Appellant,**

v.

**Nancy WORSHAM, Appellee.**

**No. A2680.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

July 22, 1981.

Stephen A. Dorshaw, Houston, for appellant.

Nancy Worsham pro se.

Before J. CURTISS BROWN, C. J., and JUNELL and PAUL PRESSLER, JJ.

PAUL PRESSLER, Justice.

This is an appeal from a take-nothing judgment in a suit for breach of contract. Appellant, a licensed employment agency, placed Appellee in a secretarial position. She began work on August 6, 1979, and left her place of employment at noon on September 4. She began working the next day for another employer. The only excuse given by the Appellee for leaving the job was that she thought she would be paid semimonthly instead of weekly and she thought she was being paid somewhat less than the amount agreed upon. The $1287 fee, previously paid by the employer to Appellant, was refunded. Pursuant to the terms of the written contract entered into by the parties, Appellant brought this suit to recover this employment fee from Appellee. Trial was to the court which entered a take nothing judgment against Appellant. We reverse and remand. Appellee has filed no brief. Therefore, statements made by Appellant in his brief as to the facts or the record may be accepted as correct. Tex.R. Civ.P. 419.

In his first point of error, Appellant complains that the court erred in disregarding certain of the Requests for Admissions. We agree. Having previously ordered the Requests for Admissions to be deemed admitted and with no motion to withdraw the court's order, the trial court may not at the close of the case ignore such judicial admissions on its own motion. Tex. R.Civ.P. 169. The purpose of Rule 169 is to simplify trials by eliminating matters about which there is no controversy. *Fireman's Fund Ins. Co. v. Commercial Standard Ins. Co.*, 490 S.W.2d 818 (Tex.1972). Appellant was entitled to timely notice, before trial, of any allegation of defects in his Requests for Admissions. He should have been given the opportunity to prepare for trial and put on his case with the knowledge that the facts formerly deemed admitted were once again in issue. Rule 169 provides the proper means of so informing a litigant. The court may *upon motion* permit withdrawal or amendment of the admissions. Proper procedures were not followed. Appellant's first point of error is sustained.

Appellant also complains that there was no evidence to support the finding of the court that Appellee's salary, paid on a

weekly basis, was less than $975.00 per month. In the alternative Appellant complains that such finding was against the great weight and preponderance of the evidence.

Appellee received $922.50 for the time worked. Appellee testified both that she believed she had been paid $215.00 or $219.00 a week and that, although she was not sure, she thought she was being paid less than $225.00 a week. However, viewing all the evidence, we hold that the court's finding is against the great weight and preponderance of the evidence. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). It is undisputed that a weekly pay of $225.00 received over a period of one year would equal $975.00 a month. The great weight of the evidence shows that she was being paid $225 per week. The great weight of the evidence shows that Appellee quit her employment for reasons other than her dissatisfaction with her salary. We, therefore, reverse the judgment of the court below and remand this case for a new trial.