Ted VISE, Appellant,

v.

J. Howard MARSHALL, II, Appellee.

No. 01–87–00795–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 14, 1988.

Rehearing Denied May 26, 1988.

Bruce A. Coane, Jeffrey C. Perlman, Coane & Associates, Houston, for appellant.

James Clark, Houston, for appellee.

Before JACK SMITH, SAM BASS and COHEN, JJ.

## OPINION

COHEN, Justice.

Vise appeals from a take-nothing judgment rendered in a non-jury trial.

In a suit for tortious interference with a business contract, appellant submitted to appellee requests for admissions that appellee never answered. Appellee filed no motion to withdraw, amend, or extend the time to answer them. At trial, the court granted appellant's motion to deem the requests admitted. Appellant then presented evidence that appellee had wrongly interfered with his employment contract with Nitrogen Coil Tubing (NCT) by firing him. Appellee presented contrary evidence, including evidence contrary to the deemed admissions.

The trial judge filed findings of fact and conclusions of law in favor of appellee, even though the deemed admissions established the essential elements for appellant's claim of tortious interference of contract.

In points of error one, two, and three, appellant contends that the trial court erred by making findings of fact and conclusions of law contrary to the deemed admissions and by allowing the presentation of controverting evidence.

■ Unanswered requests for admissions are automatically deemed admitted as a matter of law, unless the court on motion permits their withdrawal or amendment. Tex.R.Civ.P. 169. Facts admitted may not be contradicted by evidence, whether in the form of live testimony or summary judgment affidavits. *Shaw v. National County Mutual Fire Ins. Co.*, 723 S.W.2d 236, 238 (Tex.App.—Houston [1st Dist.] 1986, no writ); *see Laycox v. Jaroma, Inc.*, 709 S.W.2d 2 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.); *Smith v. Home Indemnity Co.*, 683 S.W.2d 559, 562 (Tex.App.—Fort Worth 1985, no writ). A leading commentator has stated that the admitting party may present evidence in avoidance if he has pleaded facts supporting such evidence, but that the admitting party is precluded from presenting evidence controverting the matter admitted. 3 W. Dorsaneo, Texas Litigation Guide sec. 92.03 (1987).

Appellant claims that because the deemed admissions proved his case as a matter of law, this Court should reverse and render judgment in his favor. Appellant relies on *Pathfinder Personnel Service, Inc. v. Worsham*, 619 S.W.2d 475 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ), where it was held that the trial court erred in disregarding deemed admissions on its own motion at the close of trial. *Id.* at 476.

■ Similarly, in the present case, the requests for admissions had been deemed admitted both by appellee's failure to answer them and by the trial judge's order. The trial court therefore erred in making findings of fact and conclusions of law contrary to facts that were established as a matter of law in appellant's favor by the deemed admissions.

Appellant's points of error one, two, and three are sustained.

Point of error four asserts that the trial court's findings of fact and conclusions of

law were so contrary to the overwhelming weight and preponderance of the evidence as to be manifestly unjust.

In reviewing the insufficiency of the evidence, all of the evidence relevant to the fact finding is considered. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). This Court must sustain this point if the fact findings are so contrary to the great weight and preponderance of the evidence as to be manifestly unjust and clearly wrong. *Id.*, 150 Tex. at 664–65, 244 S.W.2d at 661; Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Tex.L.Rev. 361, 367–68 (1960).

■ In the findings of fact, the trial court found that appellant violated the terms of his employment agreement and was terminated for cause by the board of directors of NCT, and that appellee in no way interfered with appellant's contract with NCT. These findings are directly contrary to the deemed admissions and are therefore so against the great weight and preponderance of the evidence as to be manifestly erroneous.

Point of error four is sustained.

The judgment that appellant take nothing is reversed, and judgment is hereby rendered that appellee is liable to appellant. The cause is remanded to the district court to determine the amount of damages to be awarded.