Affirmed and Memorandum Opinion filed March 27, 2007








Affirmed and Memorandum Opinion filed March 27, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-01122-CV

____________

 

KEITH ROWLANDS, Appellant

 

V.

 

UNIFUND CCR AS ASSIGNEE OF CITIBANK, Appellee

 



 

On Appeal from the County
Civil Court at Law No. 3

Harris County, Texas

Trial Court Cause No. 819,
991

 



 

  M E M O R A N D U M  O P I N I O N

This is an appeal from a summary judgment rendered in favor
of a creditor in a debt-collection suit.   We affirm.

I.  Factual and Procedural
Background








Appellee/plaintiff Unifund CCR as Assignee of Citibank
(hereinafter AUnifund@) brought suit 
against appellant/defendant Keith Rowlands claiming entitlement to amounts
allegedly owing on an unpaid credit card account.  Unifund asserted a
sworn-account claim and, in an alternative pleading, a quantum-meruit claim
against Rowlands. Unifund alleged that it purchased the account from Citibank Afor good and
valuable consideration@ and claimed to be the assignee of
Citibank.[1]

Early in the litigation, Unifund served Rowlands with
requests for admissions. Rowlands failed to file responses on or before thirty
days following his receipt of this discovery and the requests were deemed
admitted by operation of law under Texas Rule of Civil Procedure 198.2.  Based
on the deemed admissions and a business-records affidavit from its agent,
Angela Freckman, Unifund moved for summary judgment. Rowlands filed no response
to Unifund=s motion, but appeared at the summaryBjudgment hearing.
At Rowlands=s urging, the trial court agreed to re-set the summary
judgment hearing to allow Rowlands another opportunity to file a response. Ten
days later, Rowlands filed his summary-judgment response, but failed to address
the deemed admissions. 

 In his summaryBjudgment response,
Rowlands attacked the Freckman affidavit as Afatally flawed@ and asserted,
among other things, that Unifund could not Aprove that a
contract was formed between [Unifund] and [Rowlands],@ apparently in
response to Unifund=s allegation that its claim Aarises from an
agreement between the parties.@ Attached to Rowland=s response was his
affidavit in which he denied the account as alleged in Unifund=s pleadings. 








The trial court granted Unifund=s motion for
summary judgment on the claim for sworn account, and awarded Unifund $9,967.80,
with interest, in damages and $3,322.60 for reasonable attorney=s fees and court
costs.  Rowlands subsequently filed a motion to have the admissions Aundeemed,@ and he asked the
trial court to grant a new trial.  The trial court denied the motion for new
trial, but did not rule on the motion to Aundeem@ the admissions. 
On appeal, Rowlands challenges only the summary judgment.  

II.   Issues Presented

In two issues, Rowlands essentially contends that (1)
Unifund did not provide competent summary-judgment evidence to establish its
right to recover on either the sworn-account or the quantum-meruit claim,[2]
and (2) the evidence is legally insufficient to support the type and dollar
amount of monetary damages the trial court awarded.[3]
                      

III.   Analysis








In
reviewing a traditional summary judgment, we consider whether the successful
movant at the trial level carried its burden of showing that there is no
genuine issue of material fact and that judgment should be granted as a matter
of law.  KPMG Peat Marwick v. Harrison County Hous. Fin. Corp., 988
S.W.2d 746, 748 (Tex. 1999).  To be entitled to summary judgment, a defendant
must conclusively negate at least one essential element of each of the
plaintiff=s causes of action or conclusively establish each element of an affirmative
defense.  Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex.
1997).  Under this traditional standard, we take as true all evidence favorable
to the nonmovant, and we make all reasonable inferences in the nonmovant=s favor.  Dolcefino v. Randolph,
19 S.W.3d 906, 916 (Tex. App.CHouston [14th Dist.] 2000, pet. denied).  If the movant=s motion and summary-judgment
evidence facially establish its right to judgment as a matter of law, the
burden shifts to the nonmovant to raise a genuine, material fact issue
sufficient to defeat summary judgment.  Id. 

Rowlands asserts the Freckman affidavit is insufficient
because the affiant  Astates that the records are kept by
Citibank, yet [a]ffiant is an employee of Unifund . . . .@ Rowlands further
argues that Unifund Afailed to establish that it is the owner
of the accounts@ and that there is Ano evidence to
establish any nexus between these account names and the ownership of said
accounts by [Unifund].@   Unifund responds that even if the
Freckman affidavit were not sufficient summary-judgment proof, summary judgment
on the account claim was still proper based on the deemed admissions, which
Rowlands has not challenged on appeal. Rowlands responds that because Unifund
pleaded its claim as a sworn account, and a credit-card transaction is not a
sworn account, the deemed admissions cannot be used to support this claim.  

A suit on sworn account, which is based on Texas Rule of Civil
Procedure 185, is a procedural tool and not a rule of substantive law.   N.W.
Park Homeowners v. Brundrett, 970 S.W.2d 700, 702 (Tex. App.CAmarillo 1998,
pet. denied).  Therefore, a suit on sworn account cannot be the basis of any
claim.  Id.  Rule 185 provides only a procedure for the presentation of
specific substantive claims enumerated in the rule.  Id. Although
Unifund denominated its collection claim on Rowlands=s  unpaid account
as a suit on sworn account, the substance of Unifund=s claim is a
breach of contract.   In its pleading, Unifund stated: 








          CITIBANK and Defendant entered into an
Account Agreement allowing Defendant to receive cash advances and to purchase
goods and services at different places which honored the credit card as issued
by CITIBANK. In connection with Defendant=s request for an account, an account was issued by
CITIBANK, being account # [account number], and an Account Agreement was sent
to Defendant. A copy of said Account Agreement is attached hereto as Exhibit AA@ and made a part hereof.  Defendant obtained cash
products and/or goods and services in accordance with said Account Agreement,
said purchases being at the agreed prices charged or at the reasonable market
value. In accordance with said Account Agreement, Defendant promised to pay for
said account, but said account remains unpaid in at least the amount of
$7,151.63, plus interest through 04/02/2004 in the amount of $2,816.17 for a
total of $9,967.80, together with interest at the rate of 19.24% from April 3,
2004 until paid per the documentation attached hereto, and attorneys= fees. That after said account was
presented to Defendant, Defendant acknowledged the amount demanded as justly
due and owing. 

Unifund points to the following deemed admissions as
additional support for its summary-judgment motion: 

1.       The true account reflected by Exhibit AA@ attached to Plaintiff=s Petition  in this cause is just and true.

2.       The account reflected by the exhibits
attached to Plaintiff=s Petition in this cause is due.

3.       The account reflected by the exhibits attached
to Plaintiff=s Petition in this cause is the
balance due Plaintiff after all just and lawful offsets, payments and credits
have been allowed. 

4.       Rowlands purchased goods, wares,
merchandise and/or services using the credit card and/or cash advances issued
or provided by Plaintiff as indicated in the exhibits to Plaintiff=s Petition. 

5.       The prices for the purchase of the goods,
wares, merchandise, and/or services on the credit card and/or cash advances
issued or provided by Plaintiff to Defendant made the basis of Plaintiff=s Petition were agreed prices. 

6.       The prices for the items purchased on the
credit card and/or cash advances issued or provided by Plaintiff to Defendant
were the reasonable market value for the goods, wares, merchandise and/or
services purchased. 

7.       Defendant has promised to pay Plaintiff for
the charges on the credit card and/or cash advances issued or provided by Plaintiff
to Defendant.

8.       Plaintiff has often requested Defendant to
pay Plaintiff for the charges on said credit card and/or cash advance account. 

9.       Defendant has failed to pay Plaintiff for
said credit card and/or cash advance account. 

10.     Plaintiff made written demand upon Defendant
for payment of said credit card and/or cash advance account. 

11.     Such demand was made more than thirty days
prior to filing lawsuit. 








12.     The account agreement attached to Plaintiff=s Petition in this cause is a true
and correct copy of the account agreement in question. 

13.     By reason of the charges, Defendant is
indebted to Plaintiff in the amount of $9,967.80, plus accrued interest at the
rate specified in the account agreement. 

14.     The sum of
$3,322.60 is a reasonable and customary amount of attorneys= fees for causes
of this type.  

Deemed admissions are competent summary-judgment
evidence.   In re Herring, 970 S.W.2d 583, 587 (Tex. App.CCorpus Christi
1998, no pet.); Flores v. H.E.Butt Stores, Inc., 791 S.W.2d 160, 162
(Tex. App.CCorpus Christi 1990, writ denied).  Moreover, to the
extent they address the elements of proof of a claim, deemed admissions provide
uncontroverted proof of these elements as a matter of law.  Overstreet v.
Home Indemnity Co., 669 S.W.2d 825, 827B28 (Tex. App.CDallas 1984) rev'd
on other grounds by 678 S.W.2d 916 (Tex. 1984).  The trial court did not
err in considering the deemed admissions in ruling on Unifund=s motion for
summary judgment.  Indeed, the trial court had no discretion to ignore the
deemed admissions.  See Pathfinder Pers. Serv., Inc. v. Worsham, 619
S.W.2d 475, 476 (Tex. Civ. App.CHouston [14th Dist.] 1981, no writ). 
Notably, these admissions  prove as a matter of law all of the elements
necessary for Unifund to prevail on its account claim against Rowlands.  Thus,
it was not necessary for Unifund to rely upon the evidentiary effect of the
pleaded sworn account; the admissions alone established Unifund=s entitlement to
prevail based on Rowlands=s  breach of the Account Agreement. 








The elements of a breach-of-contract claim are: (1) the
existence of a valid contract; (2) performance or tendered performance by the
plaintiff; (3) breach of the contract by the defendant; and (4) damages to the
plaintiff resulting from that breach. See Hussong v. Schwan=s Sales Enters., Inc., 896 S.W.2d 320,
326 (Tex. App.CHouston [1st Dist.] 1995, no writ).   The deemed
admissions support all four elements as a matter of law.  A valid contractCthe Account
AgreementCexisted in which Rowlands promised to pay the charges
on the credit card and/or cash advances subject to various terms and
conditions.  Rowlands failed to pay the amounts due and owing, resulting in
damages of $9,967.80, plus accrued interest at the rate specified in the
Account Agreement.  Therefore, Rowlands breached his contract, and Unifund
suffered damages as a result of this breach.  These matters are conclusively
established by the deemed admissions.

Rowlands does not contest Unifund=s assertion that
he failed to timely respond to the requests for admissions or that the requests
were deemed admitted when he failed to respond. Though he sought to Aundeem@ the admissions in
the trial court, he was not successful in obtaining this relief and he has not
assigned error or identified any issue challenging the admissions in this
appeal.

Moreover, Rowlands failed to obtain a finding by the trial
court that withdrawal or amendment of the deemed admissions would not unduly
prejudice Unifund, and he did not obtain a determination by the trial court
that good cause existed for withdrawal or amendment of the deemed admissions.  See
Tex. R. Civ. P. 198.3.  Although Rowlands does not assert any
appellate issue in which he directly challenges the deemed admissions, in parts
of his appellate brief he argues that Agood cause@ is Athe standard for the withdrawal of
deemed admissions,@ that his conduct [in failing to respond to the requests] was
not the result of any indifference, and that the admissions Ashould be given no probative value.@  To the extent these statements
could be construed as assigning error to the trial court=s failure to Aundeem@ the admissions, this complaint was
waived when Rowlands failed to obtain a ruling on his motion to have the
admissions Aundeemed@ in the trial court.  Thus, to the extent Rowlands may have assigned
error as to this complaint, he failed to preserve it for appellate review.  Tex. R. App. P. 33.1(a). 

                                                              

 

 

 








IV. Conclusion

Because the deemed admissions establish as a matter of law
that no genuine issue of material fact exists as to the essential elements of
Unifund=s claim, summary
judgment was proper.  Accordingly, we overrule Rowland=s issues and
affirm the trial court=s judgment.

          

 

 

 

 

/s/      Kem Thompson Frost

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed March 27, 2007.

Panel consists of
Justices Fowler, Edelman, and Frost.       

 

 

 

 

 









[1]  Attached collectively as AExhibit A@ to Unifund=s live pleading was a AUnifund Statement,@ a ACitibank Platinum Select Card@ statement, and a ACitibank Card Agreement.@  The Card Agreement allowed
Rowlands to make charges and cash advances on a credit card subject to various
terms and conditions.  The Card Agreement states, among other things, AWe [defined elsewhere in the
agreement as Citibank (South Dakota), N.A.] reserve the right to assign any or
all of our rights and obligations under this Agreement to a third party.@

 





[2]  In this appeal, we do not address the quantum-meruit
claim because the trial court=s judgment was
entered only on the sworn account claim. The trial court did not grant summary
judgment on Unifund=s alternative claim for quantum meruit. 





[3]  More specifically, Rowlands contends, in the  AIssues Presented@ section of his appellate brief,
that:

 

(1)        [Unifund=s] only proof along with its
business record affidavit is wholly inadequate. [Unifund] failed to proffer any
competent evidence for the court to award a judgment for either breach of
contract or quantum meruit claim which were the only claims plead.

(2)        The pleadings and business record
affidavit on behalf of [Unifund] failed to proffer any competent evidence for
the court to award the amount and type of damages awarded by the trial court=s judgment.