J. Howard MARSHALL, II, Petitioner,

v.

Ted VISE, Respondent.

No. C–7662.

Supreme Court of Texas.

March 29, 1989.

Rehearing Denied May 10, 1989.

James R. Clark, James R. Clark & Associates, Houston, for petitioner.

Bruce A. Coane and Jeffrey C. Perlman, Coane & Associates, Houston, for respondent.

DOGGETT, Justice.

This appeal presents the issue of whether a party's failure to object at trial to testimony contrary to an opponent's deemed admissions waives the effect of those admissions. Ted Vise sued J. Howard Marshall, II for tortious interference with a business contract. The trial court rendered a take-nothing judgment. The court of appeals, relying on Marshall's deemed admissions, reversed the trial court's judgment and rendered judgment in favor of Vise. 751 S.W.2d 216 (Tex.App. 1988). We reverse the judgment of the court of appeals.

In the course of discovery, Vise submitted a request for admissions to Marshall that was never answered. Marshall filed no motion to withdraw, amend, or extend the time to answer the request. The deemed admissions established the essential elements for Vise's claim of tortious interference with a contract.

Prior to trial, Vise did not move for summary judgment. At trial, Vise did not seek to prevent controverting evidence through a motion in limine nor did he move for a directed verdict based upon the deemed admissions. Instead, Vise commenced the presentation of his case by calling Marshall as an adverse witness. During Vise's direct examination of Marshall, testimony was elicited which directly contradicted the deemed admissions. Marshall testified that Vise was terminated for willful misconduct and gross neglect of duties. Marshall further testified:

Mr. Vise willfully violated the directions of the Board of Directors in a series of incidents. He was specifically instructed not to open an office in Louisiana. He did. He was specifically instructed not to hire [James Cormier]. He hired him anyway.... Mr. Vise was specifically again instructed to take competitive bids.... He didn't do it.

After all of this testimony was presented, without objection, Vise then moved the court to take judicial notice that the facts contained in the request for admissions were deemed admitted by operation of law. Thereafter, Vise presented additional testi-

mony, and Marshall called three witnesses in rebuttal. During rebuttal Marshall further contradicted the deemed admissions by testifying, without objection, that he neither intentionally interfered with Vise's employment contract, nor acted with any malice toward him.

The trial court rendered a take-nothing judgment and filed findings of fact and conclusions of law in favor of Marshall. On appeal, Vise asserted that the trial court erred in making findings of fact and conclusions of law contrary to the deemed admissions. The court of appeals agreed, and accordingly held that the deemed admissions established as a matter of law Vise's right to recover. 751 S.W.2d at 217. For the reasons discussed below, we reverse the judgment of the court of appeals.

■ Unanswered requests for admissions are automatically deemed admitted, unless the court on motion permits their withdrawal or amendment. TEX.R.CIV.P. 169. An admission once admitted, deemed or otherwise, is a judicial admission, and a party may not then introduce testimony to controvert it. *See Shaw v. Nat'l County Mut. Fire Ins. Co.*, 723 S.W.2d 236, 238 (Tex.App.—Houston [1st Dist.] 1986, no writ). We have held, however, that a party relying upon an opponent's pleadings as judicial admissions of fact must protect the record by objecting to the introduction of controverting evidence and to the submission of any issue bearing on the facts admitted. *Houston First Am. Sav. v. Musick*, 650 S.W.2d 764, 769 (Tex.1983).

■ In the present case, Vise failed to object to the controverting testimony on the ground that he was relying upon Marshall's deemed admissions. In fact, Vise actually elicited much of the contradictory evidence. Vise has waived, therefore, his right to rely upon those admissions which were controverted by testimony admitted at trial without objection. *See Musick*, 650 S.W.2d at 768–69. We hold that a party waives the right to rely upon an opponent's deemed admissions unless objection is made to the introduction of evidence contrary to those admissions.

In reviewing Vise's assertion that the trial court's findings of fact and conclusions of law were contrary to the great weight and preponderance of the evidence, the court of appeals erroneously considered Marshall's deemed admissions to be conclusive. Therefore, we must remand this cause to the court of appeals to consider whether the trial court's findings of fact are against the great weight and preponderance of the evidence. *Pool v. Ford Motor Co.* 715 S.W.2d 629, 635–36 (Tex. 1986); *Hall v. Villarreal Dev. Corp.*, 522 S.W.2d 195 (Tex.1975) (per curiam). The judgment of the court of appeals is reversed and the cause is remanded to that court for further consideration in accordance with this opinion.