In re Harris 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-096-CV

     IN RE PATRIC LE JUNE HARRIS,
                                                                                              Appellant
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 27,885
                                                                                                    

O P I N I O N
                                                                                                    

      Patric Le June Harris appeals the denial of his pro se Petition For Name Change.


 Harris,
alleging that he is Muslim, sought a name change for enlightenment and religious purposes. His
petition, however, also acknowledged that he was serving a fifteen-year sentence at the Hughes
Unit of the Texas Department of Criminal Justice, Institutional Division.
      The trial court denied the petition because the requested name change would be in violation
of section 32.22 of the Family Code, as amended in 1991.


 Specifically, the court found that
Harris was a convicted felon who had not been discharged for at least two years and that a name
change would not be in the interest of the public. According to section 32.22:
(a) For good cause shown the court shall order a change of name for any person
other than a person finally convicted of a felony as requested if it finds that the change
is in the interest or to the benefit of the petitioner and in the interest of the public.
(b) A court may order a change of name for a person finally convicted of a felony
if, in addition to the requirements of Subsection (a), the person has:
(1) received a certificate of discharge by the pardons and paroles division of the
Texas Department of Criminal Justice or completed a period of probation ordered
by a court and at least two calendar years have elapsed from the date of the receipt
of discharge or completion of probation; or
(2) been pardoned.




Before September 1, 1991, section 32.22 simply provided, "For good cause shown the court shall
order a change of name as requested if it finds that the change is in the interest or to the benefit
of the petitioner."



      In a single point of error Harris contends that Senate Bill 334, 72nd Leg., R.S., effective
September 1, 1991, which amended sections 32.21 and 32.22 of the Texas Family Code, was
unconstitutional because the caption to the bill failed to give the public fair notice of its contents.



      However, in the general election conducted on November 4, 1986, article three, section thirty-five, of the Texas Constitution was amended to read as follows:
Section 35. (a) No bill, (except general appropriation bills, which may embrace the
various subjects and accounts, for and on account of which moneys are appropriated)
shall contain more than one subject.
(b) The rules of procedure of each house shall require that the subject of each bill be
expressed in its title in a manner that gives the legislature and the public reasonable notice
of that subject. The legislature is solely responsible for determining compliance with the
rule.
(c) A law, including a law enacted before the effective date of this subsection, may
not be held void on the basis of an insufficient title.




      As a result, Texas courts no longer have the power to declare an act of the legislature
unconstitutional due to an insufficiency of its caption.


 Accordingly, we overrule Harris' single
point of error.
      We affirm the judgment.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed September 8, 1993
Do not publish



asonable inference in favor of the non-movant. Nixon, 690 S.W.2d
at 548-49. When necessary to establish a fact issue, the non-movant must present summary-judgment evidence. Westland Oil Dev. Corp. v. Gulf Oil Corp., 637 S.W.2d 903, 907 (Tex.
1982). Further, “[w]hen a trial court's order granting summary judgment does not specify the
grounds relied upon, the reviewing court must affirm summary judgment if any of the summary
judgment grounds are meritorious.” FM Props. Operating, Co. v. City of Austin, 22 S.W.3d 868,
872 (Tex. 2000).
b. The intervening third-party criminal conduct
      In their motions, the defendants assert that the targeted, deliberate nature of the intervening
third-party criminal conduct rose to the level of a superseding cause. The defendants point to
Palacio’s own recitation of the facts in his “First Amended Petition,” which is a live pleading, to
establish this targeted, deliberate nature:
At approximately 1:15 a.m. on October 14, 1996, there was a knock on the apartment’s
front door which awakened Mr. Morin. He went to the door and found that there were
two men standing there, asking to speak with “Larry.” Mr. Palacio’s nickname is
“Larry,” so Mr. Morin apparently assumed they were asking for him. Mr. Morin invited
the men into the apartment, but they declined, saying they only wanted to ask “Larry”
if he was interested in buying a ring. Mr. Morin turned around and saw Mr. Palacio
walking toward him down the hallway. Mr. Morin walked past Mr. Palacio intent upon
returning to bed. Upon arriving at the front door, Mr. Palacio did not recognize the
men. One of the men asked Mr. Palacio if he would be interested in purchasing a ring
and Mr. Palacio declined. Suddenly and with no warning, the other man shot him.

The defendants argue that this amounts to a judicial admission of the targeted, deliberate nature
of the criminal conduct. See Houston First American Sav. v. Musick, 650 S.W.2d 764, 767 (Tex.
1983) (“Assertions of fact, not pled in the alternative, in the live pleadings of a party are regarded
as formal judicial admissions. Any fact admitted is conclusively established in the case without
the introduction of the pleadings or presentation of other evidence.”).
      Palacio counters with the argument that the defendants themselves supplied the trial court
evidence that contradicts these admissions. In a deposition attached to the defendants’ motions for
summary judgment, Morin testified that he saw only one man at the door, at first, and that a
second man—“the one behind the wall”—shot Palacio. Palacio’s argument is that this evidence
renders the judicial admissions evidentiary and no longer conclusive. See id. at 769 (stating that
the record must be protected by the party relying on his opponent’s pleadings as judicial
admissions of fact, through the objection to 1) evidence contrary to that admission or 2) the
submission of any issue bearing on the fact admitted); see also Marshall v. Vise, 767 S.W.2d 699,
700 (Tex. 1989) (holding deemed admissions not conclusive if contradictory evidence introduced
without objection). Palacio contends that this contradictory evidence supports a theory that while
the first man might have known Palacio, the second man could have been a stranger who simply
happened onto the opportunity of the open door and used this found opportunity to inflict violence. 
In other words, the man who shot Palacio was not targeting him at all, but merely, through the
negligence of the defendants, had the chance to shoot Palacio and took it.
      A matter is conclusively established if ordinary minds could not differ as to the conclusion
to be drawn from the evidence. Ridenour v. Herrington, 47 S.W.3d 117, 120 (Tex. App.—Waco
2001, pet. denied) (citing Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc., 644
S.W.2d 443, 446 (Tex. 1982)); accord Appleton v. Appleton, 76 S.W.3d 78, 83 (Tex.
App.—Houston [14th Dist.] 2002, no pet.). We conclude that the targeted, deliberate nature of
the criminal conduct was conclusively established by the summary-judgment evidence.
c. Proximate cause
      Proximate cause has two elements: cause-in-fact and foreseeability. Cowart v. Kmart Corp.,
20 S.W.3d 779, 783 (Tex. App.—Dallas 2000, pet. denied) (citing Travis v. Mesquite, 830
S.W.2d 94, 98 (Tex. 1992) (op. on reh’g)). Foreseeability requires that the defendant, “as a
person of ordinary intelligence, should have anticipated the dangers his negligent act created for
others.” Id.
      In Phan Son Van v. Pena, the Texas Supreme Court considered the burdens of the parties on
summary judgment when proximate cause is at issue and the criminal conduct of a third party is
alleged to be a superseding cause, extinguishing the liability of the defendant. Phan Son Van v.
Pena, 990 S.W.2d 751, 752 (Tex. 1999). In Phan, the Supreme Court concluded that a
“defendant who seeks to negate foreseeability [as an element of proximate cause] on summary
judgment must prove more than that the intervening third-party criminal conduct occurred.” Id.
at 754. The defendant must show the conduct rises “to the level of a superseding cause based on
considerations like those in Section 442" of the Restatement of Torts. Id.; Restatement
(Second) of Torts § 442 (1965). If the defendant does this, it has negated the ordinary
foreseeability element of proximate cause. Id. At that point, the burden shifts to the plaintiff to
raise a fact issue by presenting controverting evidence that, “despite the ‘extraordinary’ and
‘abnormal’ nature of the intervening force, there was some indication at the time . . . that such a
crime would be committed.” Id. at 756.
d. Superseding cause — analysis
      To decide whether the criminal conduct in this case rises to the level of a superseding cause
such that proximate cause is negated, the Restatement factors to be considered are:
 Cir. 2002) (recognizing Texas law).
      In considering the first factor, we find it instructive to examine our sister court’s analysis in
Cowart. Cowart, 20 S.W.3d at 784-85. In that case, ammunition was negligently sold to two
minors. The minors used the ammunition to load a gun, and the loaded gun was used by a third
party to kill Richard Cowart. Id. at 782. The court concluded that, under the first factor of
Section 442, the harm that occurred was not that which would have otherwise resulted from the
defendant’s negligence. Id. at 784. At first glance, it would appear that someone getting shot
with negligently sold ammunition is exactly the sort of harm that one would expect from the
defendant’s negligent act. But the court distinguished the “kind of harm” that resulted from the
“kind of harm” that would have been expected to result on the basis of who actually committed
the ultimate harm. Id. at 785. Similarly, we conclude that the targeted, deliberate nature of the
criminal conduct in the case before us distinguishes the harm that occurred from the kind of harm
that one would expect to occur due to the defendants’ negligence. We would ordinarily expect the
defendants to be liable for allowing the random criminal to find opportunity to exploit due to the
defendants’ negligence. But we would not necessarily expect the defendants to be liable for the
criminal who knows his victim’s name and targets him.
      Under the second factor, the fact that one or more third parties would deliberately go to a
particular tenant’s apartment, knock on the door, ask for him by name, and then shoot him
execution-style, is indeed extraordinary. Many citizens are concerned that they could be the
victims of random crime, but the chances of such a targeted, deliberate act befalling the average
citizen are minimal. We do not believe we have reached the point in our society where this
conduct should be considered a normal circumstance.
      Third, the third-party criminal conduct in this case was clearly operating independently of any
situation created by the defendants’ alleged negligence. In fact, it is unclear that the harm could
have been avoided even if the defendants had flawlessly performed every function expected of
them. For example, Palacio complained that the defendants did not stop the visitors and call his
apartment to inform him of their presence. But when they came to his door, Morin willingly
opened the door and exposed Palacio to them. There is no evidence that any advance warning
would have changed the events as they occurred.



      Having established that the targeted, deliberate criminal conduct and the harm it inflicted were
extraordinary in nature and not of the type generally contemplated by the duty of a landowner to
protect against the criminal acts of a third party, the defendants satisfied the first three elements
of Section 442. It is beyond dispute that the remaining factors, “which focus on the intervenor’s
wrongful conduct and degree of culpability,” support the conclusion that the third-party criminal
conduct in this case was a superseding cause of the harm inflicted upon Palacio. Phan, 990
S.W.2d at 756. We conclude that the summary-judgment evidence conclusively establishes that
the criminal conduct in this case was a superseding cause of the injuries incurred such that
proximate cause was negated.
e. Palacio’s burden
      Although proximate cause is negated through the establishment of the superseding cause,
Palacio could still defeat the motions for summary judgment. This would require evidence that,
despite the “extraordinary” and “abnormal” nature of the superseding cause, there was some
indication to the defendants that the targeted, deliberate criminal conduct would occur. Phan, 990
S.W.2d at 756. This must be something more than the generalized foreseeability required to
establish duty. See id. (stating that summary-judgment evidence was needed to show there was
some indication at the time of the illegal sale that such a crime would be committed.); Cowart, 20
S.W.3d at 786 (stating that summary-judgment evidence was needed to show that the defendant
should have been alerted to the fact that the minors who purchased the ammunition would put it
in the hands of someone who would engage in the criminal conduct).
      Palacio relies on his summary-judgment evidence to establish an issue of foreseeability. But
he points to no evidence that the defendants knew, or should have known, of the sort of threat
facing Palacio. Without controverting evidence, there is no fact issue on foreseeability.
IV. Other Issue
      Because we affirm, we do not reach Palacio’s additional issue about whether the trial court
abused its discretion in granting defendants leave to join responsible third parties.
V. Conclusion
      We conclude that the defendants negated proximate cause and Palacio did not present evidence
that raised a genuine issue of fact that the defendants could have foreseen the events that resulted
in his injury. Consequently, we affirm the trial court’s judgment.

                                                                         BILL VANCE
                                                                         Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed May 21, 2003
[CV06]