Becker v. State







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
ROSA SERRANO,                                              )                  No. 08-03-00369-CV
)
                                    Appellant,                        )                  Appeal from
)
v.                                                                          )                  County Court at Law No. 5
)
RYAN’S CROSSING APARTMENTS,            )                  of El Paso County, Texas
)
                                    Appellee.                          )                  (TC# 2002-J00062-5)

MEMORANDUM OPINION

            This is a forcible entry and detainer case. Rosa Serrano, pro se, appeals a summary judgment
awarding Ryan’s Crossing Apartments possession of an apartment, damages, and attorney’s fees.
Finding no error, we affirm.
FACTUAL SUMMARY
            Rosa and Julian Serrano entered into a lease with Ryan’s Crossing whereby they agreed to
pay rent in the sum of $670 per month. When the Serranos breached the lease by failing to pay rent,
Ryan’s Crossing filed a forcible entry and detainer suit in justice court. A jury awarded Ryan’s
Crossing possession of the premises, unpaid rent and other charges in the amount of $3,803.22,
together with attorney’s fees. The Serranos appealed to county court for trial de novo.


 After the
case had been pending for several months, Ryan’s Crossing moved for summary judgment based on
the Serranos’ deemed admissions. Rosa Serrano filed a response to the summary judgment motion
and a request for a continuance which the trial court denied. The trial court granted summary
judgment in favor of Ryan’s Crossing. Rosa Serrano


 filed a timely notice of appeal; Julian Serrano
did not.



SUMMARY JUDGMENT
            Serrano challenges the summary judgment by multiple issues raised on appeal.


 Ryan’s
Crossing responds that the trial court properly granted summary judgment based on Serrano’s
deemed admissions and other summary judgment evidence.
Standard of Review
            In a traditional summary judgment proceeding, the standard of review on appeal is whether
the successful movant at the trial level carried the burden of showing that there is no genuine issue
of material fact and that judgment should be granted as a matter of law. Lear Siegler, Inc. v. Perez,
819 S.W.2d 470, 471 (Tex. 1991); Duran v. Furr’s Supermarkets, Inc., 921 S.W.2d 778, 784
(Tex.App.--El Paso 1996, writ denied). The question on appeal is not whether the summary
judgment proof raises fact issues as to required elements of the movant’s cause or claim, but whether
the summary judgment proof establishes, as a matter of law, that there is no genuine issue of material
fact as to one or more elements of the movant’s cause or claim. Gibbs v. General Motors Corp., 450
S.W.2d 827, 828 (Tex. 1970); Duran, 921 S.W.2d at 784. In resolving these issues, all evidence
favorable to the non-movant must be taken as true and all reasonable inferences, including any
doubts, must be resolved in the non-movant’s favor. Nixon v. Mr. Property Mgmt. Co., Inc., 690
S.W.2d 546, 548-49 (Tex. 1985); Duran, 921 S.W.2d at 784.
The Elements and Pertinent Evidence
            In order to be entitled to summary judgment, Ryan’s Crossing had to conclusively establish
that the Serranos materially breached the lease and that the breach resulted in damages. It is
undisputed that the Serranos executed the lease related to the apartment in question and agreed to
pay monthly rent in the amount of $670. By virtue of deemed admissions, they have acknowledged
that they executed the lease, they had not paid the rent due under the lease, and they had received
proper notice to vacate. Ryan’s Crossing offered an affidavit from the apartment manager stating
that the Serranos owed $3,803.22 for rent and other charges. That amount does not include
attorney’s fees, costs, or expenses. The summary judgment evidence also includes an affidavit
establishing that attorney’s fees in the amount of $4,500 are reasonable and customary for
prosecution of the suit. The Serranos filed a response but failed to include any evidence.
            Once an action is filed, a party can serve written requests for admissions. 
Tex.R.Civ.P. 198.1. If the opposing party does not respond within thirty days of service, the
requests are deemed admitted without a court order, and the trial court has no discretion to find
otherwise. Tex.R.Civ.P. 198.2. A matter admitted is conclusively established as to the party making
the admission unless the court permits the party to withdraw or amend the admission. 
Tex.R.Civ.P. 198.3. The court may allow withdrawal or amendment of deemed admissions if the
party shows good cause, the party relying upon the deemed admissions will not be unduly prejudiced,
and the presentation of the merits of the action will be served by allowing amendment or withdrawal. 
Tex.R.Civ.P. 198.3. Because the Serranos did not seek or obtain withdrawal of their admissions,
the trial court properly considered the admissions in reviewing the summary judgment motion.
            Ryan’s Crossing conclusively established each element of its claim against the Serranos. 
Consequently, the trial court did not abuse its discretion by granting summary judgment in favor of
Ryan’s Crossing. Issue One is overruled.
DENIAL OF CONTINUANCE
            In Issue Two, Serrano argues that the trial court abused its discretion by denying her request
to continue the summary judgment hearing for further discovery. A party seeking to recover upon
a claim may at any time after the adverse party has appeared or answered, move with or without
supporting affidavits for a summary judgment in its favor. See Tex.R.Civ.P. 166a(a). The trial court
may order a continuance of a summary judgment hearing if it appears “from the affidavits of a party
opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify
his opposition.” Tex.R.Civ.P. 166a(g). When reviewing a trial court’s order denying a motion for
continuance, we consider on a case-by-case basis whether the trial court committed a clear abuse of
discretion. BMC Software Belgium, N.V. v. Marchand, 83 S.W.3d 789, 800 (Tex. 2002). A trial
court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to
a clear and prejudicial error of law. Id.
            An admission once admitted, deemed or otherwise, is a judicial admission, and a party may
not then introduce testimony to controvert it. Marshall v. Vise, 767 S.W.2d 699, 700 (Tex. 1989).
Having failed to seek withdrawal of her deemed admissions, Serrano would not have been permitted
to offer summary judgment evidence for the purpose of controverting her admissions. Consequently, 
continuance of the summary judgment hearing for additional discovery would have served no useful
purpose. Under these circumstances, we find no abuse of discretion. Issue Two is overruled.
THEFT BY CHECK
            In Issue Three, Serrano raises complaints regarding her criminal prosecution for theft by
check. Although the record is not clear, it appears that the theft by check charge relates to a check
paid to Ryan’s Crossing for rent. Serrano’s arguments are completely unsupported by the record. 
Moreover, they relate to the validity of her guilty plea and not to the propriety of summary judgment. 
Consequently, we overrule Issue Three. Having overruled all of the issues raised on appeal, we
affirm the summary judgment.


November 18, 2004                                                     
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Panel No. 4
Barajas, C.J., Larsen, and McClure, JJ.