NO. 07-05-0325-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 13, 2006
_____

CITY OF AMARILLO, APPELLANT

V.

RON DYER AND JO DYER, APPELLEES
_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 55,785-C; HONORABLE PATRICK A. PIRTLE, JUDGE
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

The City of Amarillo brings this interlocutory appeal challenging the denial of its plea to the jurisdiction in a suit against it for inverse condemnation. We affirm the trial court's order.

The plaintiffs in the trial court are Ron and Jo Dyer. Their petition alleges they live on a tract of about 70 acres near a waste water treatment facility operated by the City. They filed suit against the City, alleging operation of the City's facility had contaminated the groundwater they use for household and agricultural purposes. Their petition asserts the

contamination constituted a taking by the City and seeks recovery of damages. *See* Tex. Const. Art. I, § 17. The City's answer included a plea to the jurisdiction asserting the plaintiffs' claims were not ripe because they "can prove no damages that are ripe for adjudication . . . ." The answer also asserted alternative affirmative defenses, including limitations.

At a hearing on the City's plea to the jurisdiction, Ron Dyer testified over the City's objection that the level of chlorides in the water has been increasing, which affected the taste of the water and reduced the value of the property. He also asserted they would be required to disclose the water condition to any potential buyer. The Dyers presented the testimony, also over the City's objection, of a real estate appraiser that the level of chlorides would reduce the value of the property by fifty percent. The trial court overruled the challenge to its jurisdiction by written order. It made findings of fact and conclusions of law in support of its order. The City timely perfected appeal from that interlocutory order. *See* Tex. Civ. Prac. & Rem. Code Ann. §51.014(a)(8) (Vernon Supp. 2005). The City now presents three issues challenging the trial court's order.

A plea to the jurisdiction seeks to defeat a cause of action without regard to whether the claims have merit. *Bland I.S.D. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). A court lacks subject matter jurisdiction over a claim which depends on contingent or uncertain future events. *Patterson v. Planned Parenthood*, 971 S.W.2d 439, 443 (Tex. 1998). The question of ripeness "asks whether the facts have developed sufficiently so that an injury has occurred or is likely to occur, rather than being contingent or remote." *Id.* at 442. If

2

the facts are not so developed, a claim is not ripe and any judgment rendered on the claim would be an advisory opinion which Texas courts may not give. *Id.* Subject matter jurisdiction is ordinarily determined in the first instance by examining the allegations in the plaintiff's petition but a court is not limited to the allegations in the petition. It may consider evidence and must do so when necessary to resolve the jurisdictional issues raised. *Bland*, 34 S.W.3d at 555. Because subject matter jurisdiction is a question of law, we review the trial court's order *de novo*. *Texas Natural Resource Conservation Com'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002).

In its first issue, the City argues the trial court erred in admitting testimony from Ron Dyer and the appraiser at the hearing, in conflict with the Dyers' responses to the City's requests for admissions. In support of its position the challenged evidence should have been excluded, the City cites *Marshall v. Vice*, 767 S.W.2d 699 (Tex. 1989). *Marshall* applied the rule that a party may not, over objection, introduce testimony controverting an express or deemed admission. *See* Tex. R. Civ. P. 198.2(c), 198.3 (matter admitted pursuant to request for admission is conclusively established). We initially note that *Marshall* involved an appeal from a trial on the merits rather than denial of a plea to the jurisdiction. Assuming, *arguendo*, the rule applied in *Marshall* is equally applicable to evidence introduced at a hearing on a plea to the court's jurisdiction, a question we do not decide, the City's contention nonetheless lacks merit because it is not supported by the record. The City asserts that evidence to which it objected conflicted with the Dyers' admission they had no scientific evidence the groundwater was contaminated. But the

3

record reflects no such admission by the Dyers. In response to the City's request,[1] the Dyers neither admitted nor denied the requested fact. *See* Tex. R. Civ. P. 198.2(b) (prescribing content of responses to requests for admissions).

The City similarly asserts the trial court improperly allowed testimony conflicting with the Dyers' admissions that they had no evidence the City contaminated their groundwater and that their suit has not specified how their groundwater has been contaminated. Here again, the record reflects the Dyers neither admitted nor denied the requests the City cites. Admission of testimony concerning the subjects of those requests did not violate the rule applied in *Marshall*.

The City further contends the court should not have allowed the appraiser to testify because the Dyers had admitted they did not have a professional appraisal of their property made since November 2004. The Dyers' response admitting that fact did not have the effect of precluding them from obtaining an appraisal or from introducing evidence of the appraiser's opinion at the hearing. *See* Tex. R. Civ. P. 198.3 (prescribing effects of admissions). The City does not argue the testimony should have been excluded due to the Dyers' failure to supplement their discovery response. *See* Tex. R. Civ. P. 193.5. When determining its jurisdiction in the face of a ripeness contention, the court is not limited to facts frozen at the moment the petition is filed. *Perry v. Del Rio*, 66 S.W.3d 239, 251 (Tex. 2001). We overrule the City's first issue.

---

[1] The request cited by the City is its request no. 26, which states: "Plaintiffs do not have any scientific evidence that the groundwater on the property is contaminated at this time." The Dyers' response reads: "Plaintiffs cannot admit or deny at this time. Discovery and testing are not complete."

4

The City's second issue assigns error to the denial of its plea to the jurisdiction because the Dyers failed to establish that their claim is ripe. It argues the Dyers have presented insufficient evidence to "overcome [the City's] proof" that the claim is not ripe because they have suffered no injury.

The City relies primarily on *Patterson*, 971 S.W.2d 439. The supreme court found in that case that Planned Parenthood was seeking adjudication of issues based on the effect of anticipated governmental actions when the evidence showed the agencies involved had not yet decided on a course of action. The court said, "We simply do not know what the federal government will do if the state carries out its plan to segregate the funds, and the record does not even demonstrate what exactly the state will do. Without knowing what the federal government will do, Planned Parenthood cannot show a conflict between federal and state demands or that the state's proposed action will cause it any injury." 971 S.W.2d at 444. Concluding that Planned Parenthood's alleged injury therefore remained contingent, the court found its claim not yet ripe. *Id*. By contrast, the Dyers' pleadings allege that the City's operation of its waste treatment facility has caused contamination of their underground water supply. The Dyers may or may not be able to prove their allegations, but there is nothing contingent about the injuries they claim. Said another way, the determination whether the Dyers have a concrete injury for which the City is liable does not depend on "contingent or hypothetical facts, or upon events that have not yet come to pass." *Id*. at 443. We overrule the City's second issue.

The City's third and final issue recasts the same question by alleging denial of its plea to the jurisdiction was error because the Dyers failed to present evidence they have suffered any damages. We overrule the issue. As the supreme court instructed in *Bland*, a plea to the jurisdiction "should be decided without delving into the merits of the case." 34 S.W.3d at 554. This is so because "the proper function of a dilatory plea does not authorize an inquiry so far into the substance of the claims presented that plaintiffs are required to put on their case simply to establish jurisdiction." *Id*. The City's challenge to the Dyers' evidence of their damages is misplaced at this stage of the proceeding.

Having overruled the City's issues, we affirm the trial court's order, and remand to that court for further proceedings.


James T. Campbell
Justice