NUMBER 13-06-689-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


HORTENCIA B. SANCHEZ, Appellant,


v. 


BANK OF AMERICA, N.A. (USA) Appellee.

 


On appeal from the 28th District Court 

of Nueces County, Texas


 


MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Vela


Memorandum Opinion by Justice Vela


 

 Appellant, Hortencia B. Sanchez, appeals the judgment of the trial court awarding
appellee, Bank of America, N.A. (USA) the sum of $8,720.09 and attorney's fees of
$2,907.00 in an action involving alleged failure to pay a credit card debt. By three issues,
Sanchez, who appeared in the trial court and in this Court pro se, argues that the bank (1)
had no cause of action for breach of contract, (2) deprived her of the right to have her case
tried on the merits, and (3) maliciously prosecuted her. We affirm.

I. Background

 Bank of America (the "bank") filed suit against Sanchez alleging causes of action
for breach of contract and quantum meruit for Sanchez's failure to pay a credit card debt. 
The bank also pleaded its entitlement to attorney's fees. At the time it filed its petition, the
bank also filed requests for disclosure and requests for admission. Thereafter, Sanchez
filed a pro se answer. She did not answer the requests for admission or comply with the
requests for disclosure. The case was called for trial with all parties present. Because
Sanchez had not answered the requests for admission, the trial court deemed them
admitted. See Tex. R. Civ. P. 198.2 (c). These admissions included an admission that
Sanchez owed the bank $8,720.09 and attorney's fees and that she had no defenses to
the suit. The admissions were offered into evidence. The trial court also heard evidence
on attorney's fees.

II. Applicable Law and Analysis

 A matter admitted under rule 198.3 of the Texas Rules of Civil Procedure is
conclusively established with regard to the party making the admission unless the court
permits the party to withdraw it. Tex. R. Civ. P. 198.3; Marshall v. Vise, 767 S.W.2d 699,
700 (Tex. 1989). In such a situation, the deemed admissions are considered judicial
admissions. See Marshall, 767 S.W.2d at 700. Here, Sanchez appeared pro se. Counsel
for the bank agreed to reset the case in order for her to retain an attorney, but she did not
request the case to be continued. She also did not request withdrawal of the deemed
admissions. The deemed admissions conclusively established that she owed the money
in question and established the bank's right to judgment. 

 On appeal, Sanchez makes numerous objections to the way the case proceeded.
She alludes in her brief to the standard of review and evidence required in a summary
judgment case. This case, however, was tried on the merits before the trial court with no
objections from Sanchez. All of her issues on appeal, which include questions about
whether there was a valid contract, whether the bank suffered damage, whether she was
deprived of her rights, and whether she was maliciously prosecuted, were not addressed
in the trial court below. 

 A party is required to make a timely request, objection, or motion that states the
grounds for any rulings she sought. Tex. R. App. P. 33.1(a)(1)(A). Sanchez was also
required to raise any complaints regarding legal or factual sufficiency of the evidence with
proper post-verdict motions. See Tex. R. Civ. P. 301, 324b(b)(2). Because Sanchez raises
these issues for the first time on appeal, they are waived. We overrule Sanchez's three
appellate issues.

III. Conclusion

 We affirm the judgment of the trial court. 

 

 

 ROSE VELA

 Justice


Memorandum Opinion delivered and 

filed this 17th day of July, 2008.