

**NUMBER 13-06-689-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI ‑ EDINBURG

---

**HORTENCIA B. SANCHEZ,**                               **Appellant,**

**v.**

**BANK OF AMERICA, N.A. (USA)**                     **Appellee.**

---

### On appeal from the 28th District Court
### of Nueces County, Texas

---

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Vela

Appellant, Hortencia B. Sanchez, appeals the judgment of the trial court awarding appellee, Bank of America, N.A. (USA) the sum of $8,720.09 and attorney's fees of $2,907.00 in an action involving alleged failure to pay a credit card debt.  By three issues, Sanchez, who appeared in the trial court and in this Court pro se, argues that the bank (1)

had no cause of action for breach of contract, (2) deprived her of the right to have her case tried on the merits, and (3) maliciously prosecuted her. We affirm.

## I. Background

Bank of America (the "bank") filed suit against Sanchez alleging causes of action for breach of contract and quantum meruit for Sanchez's failure to pay a credit card debt. The bank also pleaded its entitlement to attorney's fees. At the time it filed its petition, the bank also filed requests for disclosure and requests for admission. Thereafter, Sanchez filed a pro se answer. She did not answer the requests for admission or comply with the requests for disclosure. The case was called for trial with all parties present. Because Sanchez had not answered the requests for admission, the trial court deemed them admitted. *See* TEX. R. CIV. P. 198.2 (c). These admissions included an admission that Sanchez owed the bank $8,720.09 and attorney's fees and that she had no defenses to the suit. The admissions were offered into evidence. The trial court also heard evidence on attorney's fees.

## II. Applicable Law and Analysis

A matter admitted under rule 198.3 of the Texas Rules of Civil Procedure is conclusively established with regard to the party making the admission unless the court permits the party to withdraw it. TEX. R. CIV. P. 198.3; *Marshall v. Vise*, 767 S.W.2d 699, 700 (Tex. 1989). In such a situation, the deemed admissions are considered judicial admissions. *See Marshall,* 767 S.W.2d at 700. Here, Sanchez appeared pro se. Counsel for the bank agreed to reset the case in order for her to retain an attorney, but she did not request the case to be continued. She also did not request withdrawal of the deemed admissions. The deemed admissions conclusively established that she owed the money

2

in question and established the bank's right to judgment.

On appeal, Sanchez makes numerous objections to the way the case proceeded. She alludes in her brief to the standard of review and evidence required in a summary judgment case. This case, however, was tried on the merits before the trial court with no objections from Sanchez. All of her issues on appeal, which include questions about whether there was a valid contract, whether the bank suffered damage, whether she was deprived of her rights, and whether she was maliciously prosecuted, were not addressed in the trial court below.

A party is required to make a timely request, objection, or motion that states the grounds for any rulings she sought. TEX. R. APP. P. 33.1(a)(1)(A). Sanchez was also required to raise any complaints regarding legal or factual sufficiency of the evidence with proper post-verdict motions. *See* TEX. R. CIV. P. 301, 324b(b)(2). Because Sanchez raises these issues for the first time on appeal, they are waived. We overrule Sanchez's three appellate issues.

III. CONCLUSION

We affirm the judgment of the trial court.

ROSE VELA
Justice

Memorandum Opinion delivered and
filed this 17th day of July, 2008.