IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 06-0987
════════════
 
United States Fidelity and 
Guaranty 
Company, 
Petitioner,
 
v.
 
Louis Goudeau, Respondent
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the First District of 
Texas
════════════════════════════════════════════════════
 
 
Argued December 6, 
2007
 
 
 
            
Justice Green, joined by 
Chief Justice Jefferson and Justice Johnson, dissenting.
 
 
 
            
Because I would not reach the issue of whether Louis Goudeau was occupying the vehicle when the accident 
occurred, I dissent. In the trial court, the insurer admitted to the claimant 
that he was insured under the policy. That admission binds the insurer even in 
an unusual case like this where the insurer made the admission while purporting 
to act not as defendant, but as intervenor. Because 
such an admission relieves the claimant’s burden of proving insured status, and 
prevents the insurer from arguing otherwise, I would hold that the insurer’s 
motion for summary judgment should have been denied.
I
            
United States Fidelity and Guaranty Company (USF&G) provided 
Advantage Motor, Inc.’s commercial auto insurance policy, which included underinsured motorist coverage for Advantage’s 
automobiles and persons “occupying a covered auto,” and also served as 
Advantage’s workers’ compensation insurer, which paid Goudeau more than $100,000 under the workers’ compensation 
policy’s indemnity provisions. After Goudeau and his 
wife filed lawsuits against Alex Rodriguez and USF&G, USF&G answered and 
denied that Goudeau was an insured under the auto 
policy. Then, through separate counsel, USF&G intervened as the Goudeaus’ subrogee[1] to assert claims for reimbursement with 
respect to any amount recovered from Rodriguez or defendant USF&G. After 
intervention, the Goudeaus served intervenor USF&G with requests for admissions. In its 
responses, intervenor USF&G admitted that “Louis 
Goudeau is an insured for the purposes of underinsured 
motorist benefits under USF&G Policy No. DRE3847700.” The trial court later 
granted defendant USF&G’s motion for partial 
summary judgment against the Goudeaus, rejecting their 
argument that one of the policy exclusions applied, but accepting their argument 
that the auto policy did not insure Goudeau in the 
first place because Goudeau, who was outside of the 
vehicle at the time of the collision, was not “occupying” a covered vehicle. The 
Goudeaus settled with Rodriguez for his policy’s 
$20,000 limit, and the trial court entered an order apportioning the settlement 
between the Goudeaus and intervenor USF&G.
            
The Goudeaus appealed, arguing that defendant 
USF&G’s summary judgment evidence failed to prove 
that Goudeau was not “occupying” the covered vehicle, 
that defendant USF&G failed to properly authenticate its summary judgment 
evidence, and that intervenor USF&G’s responses to the requests for admission defeated 
defendant USF&G’s motion. Defendant USF&G 
reurged its insured-status argument, as well as the 
policy exclusion argument. With respect to Louis Goudeau, the court of appeals reversed, concluding that, 
“[v]iewing the evidence in the light most favorable to 
Louis, USF & G—Defendant did not establish conclusively that Louis was not 
occupying a covered vehicle.” 243 S.W.3d at 9–10.[2] 
II
            
Texas Rule of Civil Procedure 198 allows a party to request “that the 
other party admit the truth of any matter within the scope of discovery, 
including statements of opinion or of fact or of the application of law to 
fact.” Tex. R. Civ. P. 198.1. 
Admissions produce two results: they relieve the requesting party’s burden of 
proving the admitted matter and prevent the admitting party from disputing the 
same. See Marshall v. Vise, 
767 S.W.2d 699, 700 (Tex. 1989); Mendoza v. Fid. & Guar. Ins. Underwriters, Inc., 606 S.W.2d 692, 694 (Tex. 1980); U.S. Fid. 
& Guar. Co. v. Carr, 242 
S.W.2d 224, 228–29 (Tex. Civ. App.—San Antonio 1951, 
writ ref’d). As intervenor, USF&G unequivocally admitted that the 
USF&G auto policy insured Goudeau. Because no 
effort was made to withdraw or limit that admission, Goudeau should prevail against the intervenor on this question of insured status.[3]
            
The operation of the relatively simple admissions rule is complicated by 
the fact that USF&G was named as both the intervenor and the defendant, and now the defendant is being 
charged with the intervenor’s admission. Although the 
intervenor and defendant were represented by separate 
counsel, neither has ever attempted—either in the trial court or in these 
appellate proceedings—to clarify this oddity of identification. Defendant USF&G’s motion for summary judgment noted that Goudeau had received benefits from “the Intervenor in the case, also United States Fidelity and 
Guaranty Company.” Throughout the appellate proceedings, defendant USF&G did 
not dispute that the same company was litigating as both defendant and intervenor. USF&G’s only 
argument is that the intervenor’s admissions cannot 
bind the defendant because the intervenor is not the 
same party as the defendant. At trial, the Goudeaus 
did not formally challenge the propriety of USF&G’s intervention,[4] but the Goudeaus did argue that the intervenor and the defendant are the same company, and that 
the admissions of USF&G while acting as intervenor 
bind USF&G while acting as defendant. I agree.
            
No person may sue himself. United States v. 
Interstate Commerce Comm’n, 337 U.S. 426, 430 
(1949).
 
There is 
much argument with citation of many cases to establish the long-recognized 
general principle that no person may sue himself. Properly understood the 
general principle is sound, for courts only adjudicate justiciable controversies. They do not engage in the 
academic pastime of rendering judgments in favor of persons against 
themselves.
 
 
Id. This rule 
stems from the well-established standing requirement of concrete adversity. 
See United 
States v. Nixon, 418 U.S. 683, 692–97 (1974); United 
States v. Fed. Mar. 
Comm’n, 694 F.2d 793, 
810 (D.C. Cir. 1982).[5] As a result, “courts must look behind 
names that symbolize the parties to determine whether a justiciable case or controversy is presented.” Interstate 
Commerce Comm’n, 377 U.S. at 430; accord 
United States v. Providence Journal Co., 485 U.S. 693, 708 n.11 (1988); 
Nixon, 418 U.S. at 693. Although our admissions rule speaks in terms of 
each “party,” see Tex. R. Civ. 
P. 198.1, our procedural rules as a whole are 
predicated on the assumption that a person can serve only as one party in each 
lawsuit. To hold otherwise would invite our courts to decide cases without the 
truly adverse litigants who are necessary to “sharpen[] 
the presentation of issues upon which the [C]ourt so 
largely depends for illumination.” Massachusetts v. 
EPA, 127 S. Ct. 1438, 1453 (2007). 
Moreover, such an interpretation would disrupt the rules’ careful allotment of 
litigation procedures and stand as an obstacle to a “just, fair, equitable and 
impartial adjudication.” Tex. R. Civ. 
P. 1.
            
For the same reason that courts must “look behind names” to establish 
justiciability, Interstate Commerce Comm’n, 377 U.S. at 430; accord Providence 
Journal Co., 485 U.S. at 708 n.11; Nixon, 418 U.S. at 693, the trial 
court here should have looked behind the party designations of “defendant” and 
“intervenor” when it applied the admissions rule. We 
have consistently applied our rules of procedure to discourage tactical 
gamesmanship, see State v. Lowry, 802 S.W.2d 669, 671 (Tex. 1991); Gutierrez v. Dallas Indep. Sch. Dist., 729 S.W.2d 691, 693 (Tex. 1987), and our admissions rule is no exception, 
see County of 
Dallas v. Wiland, 216 S.W.3d 344, 355 n.46 (Tex. 2007). Our goal in 
barring parties from introducing proof that contradicts an earlier admission is 
fairness: “[T]he courts sense the fact that it would be as absurd, as it 
manifestly would be unjust, to allow a party to recover after he has clearly and 
unequivocally sworn himself out of court.” Carr, 242 S.W.2d at 229 
(quoting Westbrook v. Landa, 160 S.W.2d 232, 
233 (Tex. Civ. App.—San Antonio 1942, no writ)) 
(italics and quotations omitted); see also Mendoza, 606 S.W.2d at 694. 
            
The record here reflects just such a case. The pleadings of both the 
intervenor and the defendant are consistently 
attributed to USF&G, and there is no indication of any real separation 
between the USF&G that administers the auto policy and the USF&G that 
administers the workers’ compensation policy. Although, as the Court points out, 
insurers may stand in different shoes or act in different capacities, there is 
no indication that USF&G in this case is anything but a single entity with 
the power to sue and be sued only in the name of USF&G. USF&G never made 
any attempt to distinguish the identity or capacity of USF&G as defendant 
from USF&G as intervenor, even after the Goudeaus specifically argued that the defendant and intervenor are the same company and that the admissions of 
one bind the other. As a result, the only conclusion to be had is that behind 
this intervenor and defendant lies only one person 
with one interest: USF&G.[6] Whatever dispute there is between these 
two USF&G factions lies entirely within USF&G, 
and is not deserving of individualized adjudication in our courts. The 
principles of fairness inherent in our rules would not be promoted by allowing 
USF&G to litigate on summary judgment a question that it had unequivocally 
admitted eleven months earlier, albeit under a different fictional label. Thus, 
the admission extracted by the Goudeaus should bind 
USF&G as both intervenor and defendant. Having 
admitted that Goudeau was insured under the auto 
policy, I would affirm the judgment of the court of appeals and hold that 
USF&G could not succeed on its motion for summary judgment. See 
Marshall, 767 S.W.2d at 700; Mendoza, 606 
S.W.2d at 694; Carr, 242 S.W.2d at 228–29.
III
            
Because USF&G is bound by its admission of Louis Goudeau’s insured status, I would not reach the issue of 
whether Goudeau was “occupying” the vehicle within the 
meaning of the USF&G policy. I therefore dissent from the Court’s 
judgment.
 
            
____________________________
            
Paul W. Green
            
Justice
 
 
OPINION DELIVERED: December 19, 
2008







[1] 
See Tex. Lab. Code § 417.001(b) (“If a benefit is claimed by an 
injured employee or a legal beneficiary of the employee, the insurance carrier 
is subrogated to the rights of the injured employee and may enforce the 
liability of the third party in the name of the injured employee or the legal 
beneficiary.”).

[2] 
The court of appeals affirmed the trial court’s grant of summary judgment as to 
Tasha Goudeau, 243 S.W.3d at 
5–6, and she does not appeal that decision.

[3] 
“[A] party relying upon an opponent’s pleadings as judicial admissions of fact 
must protect the record by objecting to the introduction of controverting evidence and to the submission of any issue 
bearing on the facts admitted.” Marshall, 767 S.W.2d 
at 700. The Goudeaus did just that in their 
reply to defendant USF&G’s motion for summary 
judgment, arguing that USF&G was precluded from introducing evidence 
contrary to the admission, and that the admission, at minimum, created a 
material issue of fact.

[4] 
See Tex. R. Civ. P. 60 
(“Any party may intervene by filing a pleading, subject to being stricken out by 
the court for sufficient cause on the motion of any party.”).

[5] 
Texas courts 
look to federal jurisprudence on issues of justiciability. See Neeley v. W. Orange-Cove Consol. Indep. Sch. Dist., 176 S.W.3d 746, 774 (Tex. 
2005).

[6] 
If the record were unclear, summary judgment for a movant in USF&G’s position 
would nonetheless be improper because the litigant’s true identity is certainly 
a “material fact” under our summary judgment jurisprudence. See Browning v. 
Prostok, 165 S.W.3d 336, 344 (Tex. 2005) (“In a 
summary judgment motion brought under Texas Rule of Civil Procedure 166a(c), the 
moving party has the burden of showing that there is no genuine issue as to any 
material fact and that it is entitled to judgment as a matter of law.”); see 
also City of Keller v. Wilson, 168 S.W.3d 802, 824 (Tex. 2005) (instructing 
that, to review a trial court’s grant of summary judgment, we “examine the 
entire record in the light most favorable to the nonmovant, indulging every reasonable inference and 
resolving any doubts against the motion”).