Affirmed and Opinion Filed July 26, 2016



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-00096-CV

**DONNELL HILL, Appellant**
**V.**
**WELLS ASSET MANAGEMENT, INC. & LA PRADA PLACE APARTMENTS,**
**Appellees**

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-14-01039-B**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Bridges, and Justice Lang
Opinion by Chief Justice Wright

Donnell Hill appeals the trial court's summary judgment in favor of Wells Asset Management, Inc. (Wells) and La Prada Place Apartments (La Prada). In two issues, Hill generally contends the trial court erred by granting appellees' motions for no evidence and traditional summary judgment. We affirm the trial court's judgment.

### Background

Hill lived in the apartments which were owned by Wells. La Prada filed an eviction suit against Hill and lost; as a result, Hill was not evicted from his apartment. Thereafter, Hill sued La Prada and Wells for "wrongful filing evictions," alleging he was entitled to exemplary damages because their conduct was fraudulent and grossly negligent. Appellees filed a general denial.

Appellees served Hill with requests for discovery, but he failed to respond. Specifically, he did not answer the interrogatories or admission requests. Because Hill did not file responses, the admissions were deemed, and included: (1) Wells did not execute a lease agreement with Hill; (2) Wells did not file an eviction against Hill; (3) Wells was not Hill's landlord; (4) Hill was not evicted from La Prada Place Apartments; and, (5) Hill did not sustain any damages as a result of Wells' conduct.

Appellees filed no evidence and traditional motions for summary judgment on the grounds that there are no questions of fact and, because of the deemed admissions, Hill could not offer any controverting evidence to raise a question of fact. When Hill did not file a response to appellees' summary judgment motions, the trial court granted appellees' motion for summary judgment without stating the grounds or basis for doing so.

### Applicable Law

The standard for reviewing a traditional summary judgment is well known. *See Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex. 1985); *McAfee, Inc. v. Agilysys, Inc.,* 316 S.W.3d 820, 825 (Tex. App.–Dallas 2010, no pet.). The movants have the burden of showing that no genuine issue of material fact exists and that they are entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). In deciding whether a disputed material fact issue exists precluding summary judgment, evidence favorable to the nonmovant will be taken as true. *Nixon,* 690 S.W.2d at 549; *In re Estate of Berry,* 280 S.W.3d 478, 480 (Tex. App.–Dallas 2009, no pet.). Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in his favor. *City of Keller v. Wilson,* 168 S.W.3d 802, 824 (Tex. 2005). We review a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Dickey v. Club Corp. of Am.,* 12 S.W.3d 172, 175 (Tex. App.–Dallas 2000, pet. denied).

We review a no-evidence summary judgment under the same legal sufficiency standard used to review a directed verdict. *See* TEX. R. CIV. P. 166a(i); *Flood v. Katz,* 294 S.W.3d 756, 762 (Tex.App.—Dallas 2009, pet. denied). Thus, we must determine whether the nonmovant produced more than a scintilla of probative evidence to raise a fact issue on the material questions presented. *See Flood,* 294 S.W.3d at 762. When analyzing a no-evidence summary judgment, we consider all the evidence in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the movants. *Sudan v. Sudan,* 199 S.W.3d 291, 292 (Tex. 2006). A no-evidence summary judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. *King Ranch, Inc. v. Chapman,* 118 S.W.3d 742, 751 (Tex. 2003). "More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable, fair-minded persons to differ in their conclusions." *Id.* (quoting *Merrell Dow Pharms., Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex. 1997)). "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact." *Id.* (quoting *Kindred v. Con/Chem, Inc.,* 650 S.W.2d 61, 63 (Tex. 1983)).

To establish a claim for wrongful eviction, a plaintiff must show (1) he had an unexpired rental contract with the landlord; (2) he occupied the premises; (3) the landlord evicted him; and (4) he suffered damages attributable to the eviction. *Deubler v. Bank of N. Y. Mellon,* No.07–13–00221-CV, 2015 WL 3750312, at *7 (Tex. App.—Amarillo June 15, 2015, pet. denied) (mem. op.), *Mckenzie v. Carte,* 385 S.W.2d 520, 528 (Tex. Civ. App.—Corpus Christi 1964, writ ref'd n.r.e.).

**Discussion**

Here, Hill admitted he had no lease agreement with Wells, he was not evicted from the apartments, and he suffered no damages. In light of these admissions, there was no evidence to

support his wrongful evictions claim. *See Marshall v. Vise*, 767 S.W.2d 699, 700 (Tex. 1989) ("An admission once admitted, deemed or otherwise, is a judicial admission, and a party may not then introduce testimony to controvert it."). Under these circumstances, we conclude the trial court properly granted the no evidence summary judgment in favor of La Prada and Wells.

We affirm the trial court's judgment.

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE

150096F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DONNELL HILL, Appellant

No. 05-15-00096-CV          V.

WELLS ASSET MANAGEMENT, INC. &
LA PRADA PLACE APARTMENTS,
Appellees

On Appeal from the County Court at Law
No. 2, Dallas County, Texas
Trial Court Cause No. CC-14-01039-B.
Opinion delivered by Chief Justice Wright.
Justices Bridges and Lang participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees WELLS ASSET MANAGEMENT, INC. and LA PRADA PLACE APARTMENTS recover their costs of this appeal from appellant DONNELL HILL.

Judgment entered July 26, 2016.

–6–