**AFFIRMED and Opinion Filed June 7, 2023**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00714-CV**

**CLAYTON LATTIMER COPELAND, Appellant**
**V.**
**BLUEBONNET FINANCIAL ASSETS, Appellee**

**On Appeal from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-09-17121**

## MEMORANDUM OPINION

Before Justices Carlyle, Garcia, and Miskel
Opinion by Justice Carlyle

Bluebonnet Financial Assets obtained a default judgment against Clayton Lattimer Copeland based on an unpaid debt. After years of unsuccessfully attempting to collect the judgment, Bluebonnet filed an application for turnover and the appointment of a receiver, which the trial court granted. The trial court ordered Mr. Copeland to turnover nonexempt property and appointed a receiver to assist Bluebonnet with collecting the judgment.

The receiver levied Mr. Copeland's bank account, recovering $16,077.43, and filed a verified motion to distribute the funds. Mr. Copeland moved to vacate the

turnover and receivership order. According to the parties, the trial court held a hearing at which it announced it would grant the receiver's motion and deny Mr. Copeland's. But the record reflects no ruling on either motion. In any event, the parties agree that Mr. Copeland's motion to vacate was overruled by operation of law. Mr. Copeland appeals, and we affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

Mr. Copeland first argues the turnover and receivership order is invalid because Bluebonnet produced no evidence showing that he owned nonexempt property. *See Goodman v. Compass Bank*, No. 05-15-00812-CV, 2016 WL 4142243, at *4 (Tex. App.—Dallas Aug. 3, 2016, no pet.) (mem. op.) ("Issuance of a turnover order requires a factual showing that the judgment debtor has nonexempt property . . . ."). We review a trial court's post-judgment turnover order for abuse of discretion, considering evidentiary sufficiency as a factor relevant to our review. *Id.* In determining whether legally sufficient evidence supports the court's order, "we must view the evidence in a light that tends to support the finding of the disputed fact and disregard all evidence and inferences to the contrary." *Id.* (quoting *Bradford v. Vento*, 48 S.W.3d 749, 754 (Tex. 2001)).

Before Bluebonnet filed its application, it sent Mr. Copeland post-judgment discovery to which he did not respond. Consequently, the trial court entered an order stating that:

Admissions in [Bluebonnet's] Request for Admissions in Aid of Judgment have been and are hereby deemed admitted and established, and [Mr. Copeland] hereby is, prevented from making or supporting any claims [he] may have, or may ever have, in any proceeding, that are contrary in any way to any of the deemed Admissions, which are attached hereto and incorporated herein for all purposes."

The admissions attached and incorporated into the court's order included among others:

Admit that you currently have a bank account. . .

Admit that you own and have, or will have, within your possession or control, property, which is not exempt from attachment, execution, or any other type of seizure for the satisfaction of the judgment in this cause. . .

Admit that the court is within its discretion to sign an order granting turnover and appointing a master in chancery and appointing a receiver to satisfy the judgment in this cause. . .

Admit that you own and have, or will have, within your possession or control, property, which cannot be readily attached or levied on by ordinary legal process. . . .

Admit that the property of [Mr. Copeland] which is subject to collection, and not exempt therefrom, includes, all of your right, title, and interest to all money in any checking account, brokerage account, and any savings account in [Mr. Copeland's] name. . . .

These deemed admissions are judicial admissions that Mr. Copeland owned nonexempt property subject to turnover, including a bank account. *See Marshall v. Vise*, 767 S.W.2d 699, 700 (Tex. 1989) ("An admission once admitted, deemed or otherwise, is a judicial admission, and a party may not then introduce testimony to controvert it.").

The turnover and receivership order states that the trial court took "judicial notice of the judgment and all of the court's file," which included its order confirming Mr. Copeland's deemed admissions.[1] Thus, we conclude the record sufficiently supports the trial court's conclusion that Mr. Copeland owned nonexempt property. *See Troutman v. NASA Fed. Credit Union*, No. 02-21-00412-CV, 2022 WL 3464555, at *2–3 (Tex. App.—Fort Worth Aug. 18, 2022, no pet.) (mem. op.) (deemed admissions addressing elements of turnover statute were sufficient evidence to support turnover order); *Morrison v. Cogdell*, No. 02-02-00261-CV, 2003 WL 21476243, at *1 (Tex. App.—Fort Worth June 26, 2003, no pet.) (mem. op.) (deemed admissions supported judgment where trial court took judicial notice of its file).

Mr. Copeland next argues the turnover order is invalid because there is no reporter's record from the hearing on Bluebonnet's application. He contends that, without a record of the hearing, it is impossible to assess the sufficiency of the evidence supporting the turnover order. But the turnover statute requires neither a hearing nor any particular form of evidence to support an application. *See Goodman*, 2016 WL 4142243, at *4. Nothing in the record suggests the trial court received evidence at any hearing on Bluebonnet's application. And the turnover order itself

---

[1] Mr. Copeland does not directly address the deemed admissions on appeal. He argues that a trial court may not take judicial notice of the truth of any "factual allegations" in its file. But deemed admissions are not "factual allegations"; they are judicial admissions that conclusively establish the matter admitted unless the trial court permits their withdrawal. *See Marshall*, 767 S.W.2d at 700; Tex. R. Civ. P. 198.3.

–4–

specifies that the trial court considered the application, the evidence attached to the application, and the trial court's judicially noticed file. Thus, the lack of a reporter's record from the hearing does not affect our ability to assess the evidence supporting the order.

Mr. Copeland next contends the trial court abused its discretion by "pre-setting the receiver's fee at 25%" and "ordering that the receiver be paid the 25% fee without a determination of reasonableness." Mr. Copeland's contentions are not supported by the record.

In its turnover order, the trial court found that "the usual, customary post judgment receiver's fee is 25% of funds recovered by the receiver." It thus ordered that the receiver's fee would be 25% "subject to a later determination as to reasonableness by the court, or to a written agreement with Judgement Debtor as to the amount of the fee to be paid." By its plain language, the turnover order makes the 25% receiver's fee contingent upon either a subsequent determination of reasonableness by the court or Mr. Copeland's approval. Accordingly, the turnover order does not support Mr. Copeland's argument that the trial court abused its discretion by "pre-setting the receiver's fee at 25%" and "ordering that the receiver be paid the 25% fee without a determination of reasonableness." *See Evans v. Frost Nat'l Bank*, No. 05-12-01491-CV, 2015 WL 4736543, at *4 (Tex. App.—Dallas Aug. 11, 2015, no pet.) (mem. op.) (trial court did not abuse its discretion by pre-setting fee subject to a later reasonableness determination).

To the extent Mr. Copeland complains that the trial court granted the receiver's verified motion to disburse the 25% fee without making a reasonableness determination and without sufficient evidentiary support, the record does not reflect any ruling on the receiver's verified motion to disburse. Thus, based on this record and Mr. Copeland's arguments, we discern no abuse of discretion related to the receiver's fee.

Finally, Mr. Copeland contends the trial court abused its discretion by overruling his motion to vacate the turnover and receivership order, repeating the same arguments rejected elsewhere in this opinion. For the same reasons explained above, we conclude the trial court did not abuse its discretion by allowing Mr. Copeland's motion to be overruled by operation of law.

Having overruled each of Mr. Copeland's issues, we affirm the trial court's order.

/Cory L. Carlyle/

210714f.p05

CORY L. CARLYLE
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CLAYTON LATTIMER
COPELAND, Appellant

No. 05-21-00714-CV V.

BLUEBONNET FINANCIAL
ASSETS, Appellee

On Appeal from the 298th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-09-17121.
Opinion delivered by Justice Carlyle.
Justices Garcia and Miskel
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee BLUEBONNET FINANCIAL ASSETS recover its costs of this appeal from appellant CLAYTON LATTIMER COPELAND.

Judgment entered this 7th day of June 2023.